**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LANNETT COMPANY INC., | |
| *Plaintiff,* | Civil Action No. 08-338-JJF |
| v. | |
| KV PHARMACEUTICALS, DRUGTECH CORPORATION, and THER-RX CORPORATION, | |
| *Defendants.* | |

| |
|---|
| KV PHARMACEUTICAL COMPANY, THER-RX CORP., and DRUGTECH CORP., |
| *Counterclaim-plaintiffs,* |
| v. |
| LANNETT COMPANY, INC., |
| *Counterclaim-defendant.* |

**REPLY DECLARATION OF HARRY G. BRITTAIN IN FURTHER SUPPORT OF**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Harry G. Brittain, declare as follows:

## I.     Summary of Credentials and Professional Experience

1.     A summary of my credentials and professional experience, as well as a copy of my CV, is

provided in my previous declaration dated June 16, 2008 (hereinafter "my Declaration").

## II.     Materials Relied Upon

2.     I have reviewed the following materials in preparing this Declaration:

a)     The Declaration of Michael R. Borenstein dated June 19, 2008.

b)      US Patent 6,576,666 (hereinafter "the '666 patent")

c)      EP 0 705 539A2 (hereinafter "EP '539")

d)      WO97/48392 (hereinafter "WO '392")

e)      The 53rd edition of the Physician's Desk Reference, 1999 (hereinafter "PDR"):

        pages 335, 1011, 1522, 1523, 1692, 2802, 2916, 2917, 3128, 3163, and 3212.

## III.   Summary of Opinion

3.      I have reviewed the Declaration of Dr. Michael R. Borenstein dated June 19, 2008, and

        submit this Declaration in response.

4.      Dr. Borenstein does not challenge or disagree with my opinion that Lannett's product

        literally infringes claims 1, 21 and 22 of U.S. Patent 6,576,666.

5.      The Declaration of Dr. Borenstein concludes that claims 1, 21, and 22 of the '666 patent are

        invalid as obvious in view of the prior art (EP '539, WO '392, vitamin supplements

        mentioned in the background of the '666 patent, and 1999 PDR (pp. 335 and 2802).  I

        disagree for the following reasons:

        a)      EP '539 does not teach or suggest ranges of a first and second fatty acids (in fact it

                discloses no ranges for any compound, such as 10 to 100 mg of a first fatty acid as

                claimed in claim 1 of the '666 patent);

        b)      There is no teaching or suggestion to combine EP '539 with the secondary

                references (none of the secondary references teach or suggest use of a fatty acid as

                an active ingredient, and a majority of the supplements discussed in the background

                of the '666 patent do not teach the claimed range for vitamin $B_6$); and

        c)      EP '539 cannot be combined with the secondary references because they contradict

                each other (the amounts of the vitamins and minerals in EP '539 and the secondary

2

references would be substantially different from each other if the material in EP '539 is formulated to contain 10 to 100 mg of a first fatty acid as claimed in claim 1 of the '666 patent).

### IV.  Legal Standard

6.    I apply the legal standard set forth in my Declaration of June 16, 2008.

### VI.    Claims 1, 21 and 22 of the '666 Patent Are Not Obvious

#### A.    EP '539 does not teach or suggest ranges of a first and second fatty acid

7.    Dr. Borenstein's incorrectly opines that EP '539 discloses "ranges" for a first and second fatty acid:

> All elements of claims 1, 21 and 22 are present in the '539 publication including, in particular, the use of two fatty acids within the proportions and ranges specified in '666 patent and the combination of the fatty acids with all the specific vitamins recited in claims 1, 21, and 22. The only element of claim 1 of the '666 patent not expressly referenced in the '539 publication is the specific claimed ranges of the vitamins. These ranges, however, were already well known in the art and could be
>
> Declaration of Dr. Borenstein, page 9.

I disagree. Nothing in EP '539 discloses "ranges" to be used in a supplement. As explained in paragraph 39 of my Declaration, EP '539 does not disclose how many grams of each component should be used in a formulation. Thus, EP '539 does not teach the claimed ranges of the '666 patent. Without hindsight of the ranges provided in, for example, claim 1 of the '666 patent for a first and second fatty acid, one of ordinary skill of art would not know to choose about 10 mg to 100 mg of a first fatty acid, or about 10 mg to 1000 mg of a

3

second fatty acid as recited in claim 1 of the '666 patent. There is simply no explanation or guidance in EP '539 as to ranges for a first and second fatty acid (or any other compound).

8.    In Exhibit 3 of his declaration, Dr. Borenstein arbitrarily picks 10 grams of the material of EP '539. He does not state how or why he chose 10 grams. All he states is that "smaller subset dosages [of 100 g], *e.g.* a 10 g, 25 g, or 50 g portion, may be administered . . . ." [page 5]

9.    While Dr. Borenstein attempts to demonstrate that amount of fatty acids based on a 10 g dosage of supplement meets the claimed ranges, they in fact do not.

**EXHIBIT 3**

10 gram dosage of the composition of the '539 publication

| Ingredient | | Analysis per 10 g |
|---|---|---|
| Protein | g | 2.26 |
| Fat | g | 1.25 |
| Linoleic acid | mg | 156 |
| α – Linolenic acid | mg | 40 |
| DHA | mg | 18.75 |
| EPA | mg | 31.25 |
| Carbohydrates | g | 5.57 |
| Lactose | g | 4.82 |
| Dietary fibres | g | 0.75 |
| Moisture | g | 0.30 |
| Minerals | g | 0.60 |

The sum of linoleic acid and linolenic acid (196 mg) in this Exhibit prepared by Dr. Borenstein is outside of the scope of claim 1 of the '666 patent, which recites about 10 to 100 of a first fatty acid. Thus, even Dr. Borenstein's own example does not fall within the claimed range of a 10 to 100 mg for a first fatty acid.

10.    As I have stated above, EP '539 does not provide numerical ranges for the components in its composition. In order to compare the composition of EP '539 with the compositions of the '666 patent, I showed in paragraph 41 of my Declaration that arbitrarily adjusting the absolute amount of composition from Table 1 of EP '539 to obtain either 10 mg or 100 mg

4

of a first fatty acid (as recited in claim 1 of the '666 patent) would yield dosages for vitamins and minerals that are outside of the ranges of claim 1 of the '666 patent by significant factors:

|  | Claim 1 of the '666 patent | Amounts in Table 1 of EP '539 divided by a factor of 196 (i.e., to obtain 10 mg of a first fatty acid) | Amounts in Table 1 of EP '539 divided by a factor of 19.6 (i.e., to obtain 100 mg of a first fatty acid) |
|---|---|---|---|
| vitamin B$_6$ | 10 to 125 mg | 0.009 mg (off by a factor of at least 1,110 times) | 0.09 mg (off by a factor of at least 111 times) |
| folic acid | 0.1 to 3 mg | 0.0017 mg (off by a factor of at least 60 times) | 0.017 mg (off by a factor of at least 6 times) |
| calcium | 100 to 2,000 mg | 5 mg (off by a factor of at least 20 times) | 50 mg (off by a factor of at least 2 times) |
| vitamin C | 25 to 500 mg | 0.3 mg (off by a factor of at least 80 times) | 3 mg (off by a factor of at least 8 times) |
| vitamin E | 10 mg to 400 mg | 0.042 mg (off by a factor of at least 240 times) | 0.42 mg (off by a factor of at least 24 times) |

As illustrated in paragraph 17 below, the dosages for vitamins and minerals are also off by a factor in Dr. Borenstein's 10 gram sample of the material in Table I of EP '539.

**B.    There is no teaching or suggestion to combine EP '539 with the secondary references**

**1.    WO1997/48392**

11.    WO1997/48392 recites use of compositions for calcium and iron deficiency in pregnant and lactating women, and the WO '392 publication does not disclose fatty acids or use of its composition for any other purpose. There is no teaching or suggestion in the WO '392 publication to combine its composition intended for calcium and iron deficiency with two different fatty acids to make the composition claimed in claim 1, 21 or 22 of the '666 patent.

5

In his Declaration, Dr. Borenstein picks and chooses elements from each reference to reconstruct the claimed invention, but does not explain the basis for doing so.

12.    Rather, EP '539 teaches away from the use of the amounts of vitamins and minerals described in the WO '392 publication. Dr. Borenstein does not challenge or disagree that manipulating the amounts of sample to obtain the claimed amounts of a first fatty acid, the remaining elements of claim 1, (c) through (g), are not found or taught by EP '539.

### 2.    Materna and Prenate Ultra

13.    The background section of the '666 patent discloses nine different vitamin supplements, two of which are Materna and Prenate Ultra. There is no teaching or suggestion to pick and choose these two supplements out of the nine different supplements discussed in the background section of the '666 patent to be combined with EP '539. There is also no teaching or suggestion in EP '539, or in the '666 patent, or in the ingredients of the vitamin supplements, to combine vitamin supplements that do not have fatty acids as active ingredients with fatty acids.

14.    The nine different supplements in the background section of the '666 patent have different amounts of vitamin $B_6$. Six out of the nine supplements have dosages of less than 5 mg for vitamin $B_6$:

| Supplement | Vitamin $B_6$ content |
|---|---|
| Nestabs CBF | None |
| Materna | 10 mg |
| Enfamil | 4 mg |
| Prenate Ultra | 20 mg |

6

| Niferex | 1.64 mg |
|---------|---------|
| Niferex Forte | 4 mg |
| Zenate | 2.2 mg |
| Precare | 2 mg |
| Natafort | 10 mg |

Claim 1 of the '666 patent claims a range of about 10 to 125 mg for vitamin $B_6$. There is no teaching or suggestion to choose a supplement having 10 mg or more of vitamin $B_6$ when the majority of the supplements in the background section have dosages that are less than 5 mg for vitamin $B_6$, and one supplement lacks vitamin $B_6$ altogether.

15.    As with the WO' 392 publication, Dr. Borenstein does not explain why a person of ordinary skill in the art would ignore the disclosure of the amounts of vitamins and minerals in EP '539 and pick and choose those amounts from these two particular vitamin supplements, and not the much smaller amount in the other seven supplements.

### 3.    1999 PDR (53rd edition)

16.    Dr. Borenstein's Declaration (at page 13) also alleges obviousness based on the 53rd edition of the PDR. The only pages of the PDR identified in his Declaration were pages 335 and 2802, and these pages relate to Prenate Ultra, which I analyzed in the previous section. The PDR adds nothing relevant to the disclosure already present in the background section of the '666 patent and my analysis.

### C.    EP '539 cannot be combined with the secondary references because they contradict each other.

17.    If the dosages of the WO '392 publication, Materna, or Prenate Ultra were to cover the dosages claimed in claim 1 of the '666 patent, then the dosages of these references would

have to be significantly different from those obtained if the proportions in Table I of EP '539 were to be adjusted to obtain 10 to 100 mg of a first fatty acid as recited in claim 1 of the '666 patent. For EP '539 to be combined with the secondary references, one of ordinary skill of art would have to ignore the amounts of vitamins and minerals that correlate to 10 to 100 mg of a first fatty acid in EP '539, and instead choose the substantially different amounts from the WO '392 publication, Materna, or Prenate Ultra, particularly since the amounts of vitamins and minerals in the WO '392 publication, Materna, or Prenate Ultra would contradict those in EP '539 (if EP '539 is adjusted to have 10-100 mg of a first fatty acid).

18.    Even Dr. Borenstein's 10 gram sample of the product of EP '539 would have substantially different amounts of vitamins and minerals than those recited in WO '392 publication, Materna, or Prenate Ultra. By my calculations, a 10 gram sample of the composition of EP '539 would have the following dosages for the five vitamins and minerals claimed in claim 1 of the '666 patent:

| Ingredient | Analysis per 10 g |
|---|---|
| Vitamin $B_6$ | 0.1835 mg |
| Folic acid | 0.0335 mg |
| Calcium | 100 mg |
| Vitamin C | 5.8 mg |
| Vitamin E | 0.83 IU or 0.83 mg |

By contrast, according to the Table in Dr. Borenstein's Declaration, the dosages for vitamins and minerals in Materna and Prenate Ultra are significantly different than those in a 10 gram sample of the material in Table I of EP '539:

8

| Ingredient | Dosage of Materna® | Dosage of Prenate® Ultra™ |
|---|---|---|
| Vitamin B6 | 10.0 mg | 20.0 mg |
| Folic Acid | 1.0 mg | 1.0 mg |
| Calcium | 200.0 mg | 200.0 mg |
| Vitamin C | 120.0 mg | 120.0 mg |
| Vitamin E | 30 I.U. (~ 30.0 mg) | 30 I.U. (~ 30.0 mg) |

Borenstein Declaration at page 6

19.     The EP '539, WO'392 publication, Materna, or Prenate Ultra (and the pages PDR cited in

Dr. Borenstein's Declaration) do not teach or suggest compositions of claim 1, 21, or 22 of

the '666 patent.  It is my opinion that none of the references relied on by Dr. Borenstein,

alone or in combination, render claims 1, 21, or 22 of the '666 patent obvious.

20.     I reserve the right to evaluate and respond if Lannett or its experts submit other references,

or otherwise provide information or arguments in support of Lannett's contention that any of

claims 1, 21, or 22 of the '666 patent are invalid or not infringed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  June 24, 2008

Harry G. Brittain, Ph.D.

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Sophia Siddiqui
Fox Rothschild LLP
919 Market Street, Suite 1300
P. O. Box 2323
Wilmington, DE   19899-2323

I hereby certify that on June 24, 2008, I sent by Electronic Mail the foregoing document to the following non-registered participants:

Samuel H. Israel
Gerard P. Norton
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia,. PA   19103

Anne Shea Gaza (#4093)
gaza@rlf.com