IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANNETT COMPANY INC.,<br><br>    *Plaintiff*,<br>v.<br>KV PHARMACEUTICALS,<br>DRUGTECH CORPORATION, and<br>THER-RX CORPORATION,<br><br>    *Defendants.*<br><br>KV PHARMACEUTICAL COMPANY,<br>THER-RX CORP., and DRUGTECH<br>CORP.,<br><br>    *Counterclaim-plaintiffs,*<br>v.<br>LANNETT COMPANY, INC.,<br><br>    *Counterclaim-defendant.* | Civil Action No. 08-338-JJF |

**REPLY DECLARATION OF BERNADETTE VITALI, R.PH.
IN FURTHER SUPPORT OF MOTION FOR A
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

I, Bernadette Vitali, declare:

1. I am the same person who submitted the "Declaration of Bernadette Vitali, R.Ph. in Support of Motion for a Temporary Restraining Order and Preliminary Injunction" dated June 16, 2008.

2. The Lannett Multivitamin with Minerals Capsules product package I referred to in my previous declaration was in regular stock at the pharmacy at which I work. As I noted in my

earlier declaration, when I opened the Lannett bottle there was a readily detectable fishy smell. There was no indication from the packaging, or other reason to believe, that the Lannett product was damaged in shipment or otherwise mishandled. The manufacturer's seal was intact when I opened the vial to inspect its contents.

3. It is very unusual for a generic prescription product label to display the name of its brand name substitute. It is not necessary for the name of a branded drug to be on the bottle of the generic to prevent confusion by the pharmacist, because prescriptions are filled by referring to the National Drug Code ("NDC") or generic name.

4. Nor does the presence of the "Compare to" statement on the Lannett product assist a pharmacist's decision to substitute it for PrimaCare ONE, because decisions concerning the suitability of a generic for substitution are rarely, if ever, made by an individual dispensing pharmacist and they are certainly not made based on a "Compare to" statement on a bottle. Rather, in the chain retail pharmacy setting, generic products are automatically substituted for brand products by means of a pharmacy's computer system. A determination if products are interchangeable is typically made at the corporate level, outside of individual pharmacies, and pharmacists rely on this information to determine if products are interchangeable.

5. When a pharmacist does determine if products are interchangeable, he or she does not look to a generic manufacturer's label to determine which brand product the generic may substitute. When determining if products are interchangeable pharmacists look to, for example, the pharmacy's proprietary computer system, the FDA Orange Book, or a reliable reference book. Thus, a brand name on a generic bottle will not reduce pharmacist confusion or error.

6. Further, when filling a prescription, a pharmacist decides whether to make a substitution before going to the pharmacy shelves in order to obtain the product. A pharmacist

would utilize the bottle's National Drug Code ("NDC"), product name, or Universal Product Code ("UPC") to verify the correct product was selected. The pharmacist would not look to, for example, Lannett's "Compare to" statement to reduce dispensing confusion or error.

7. For dosing directions, the pharmacist first looks to the prescription. Then, if necessary, to other resources for clarity, such as the pharmacy's proprietary drug reference computer system, the Drug Information Handbook, or the Physicians' Desk Reference. The pharmacist does not rely on a generic manufacturer's label to clarify or determine what directions to provide to a patient for a particular product. Thus, a pharmacist would not look to Lannett's "Compare to" statement to avoid incorrectly dispensing Lannett's product with the directions for a different product.

8. Pharmacists are generally required by law to designate the actual product that is contained in the prescription, including its manufacturer and the name of the product contained therein, on the pharmacy label. The pharmacy label's font size, shape, color, and effect are typically much less prominent than the "Compare to" statement. The pharmacy label's font is generally small, black, and lacking bolded or italicized effect. Also, there is usually a statement noting "Generic for" or "Substituted for" the brand name medication; for example, "Generic for PrimaCare ONE." This statement is typically printed in a smaller font than the other pharmacy label information. Thus, the statement "Compare to the active ingredients in PrimaCare ONE®" on a dispensed Lannett Manufacturer Vial is much more prominent than any information on a pharmacy label.

9. I reviewed, from Exhibit E of Lannett's papers sent to me by counsel, photographs of a prescription for PrimaCare ONE filled at CVS Pharmacy in the name of Lauren Monte. The manner in which the pharmacy label was applied to the Manufacturer Vial of

PrimaCare ONE illustrates the point made in paragraph eighteen of my June 16 declaration of how the pharmacy label, when applied to the Lannett Manufacturer Vial, will leave exposed at least one of the "PrimaCare ONE®" labels. As can be seen from these photographs, the pharmacy label does not completely encircle the bottle, and as can also be seen, most of the manufacturer label information is covered.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: June 23 2008                            *Bernadette A. Vitali*, Rph
                                                BERNADETTE VITALI, R.Ph.

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Sophia Siddiqui
Fox Rothschild LLP
919 Market Street, Suite 1300
P. O. Box 2323
Wilmington, DE   19899-2323

I hereby certify that on June 24, 2008, I sent by Electronic Mail the foregoing document to the following non-registered participants:

Samuel H. Israel
Gerard P. Norton
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia,. PA   19103

Anne Shea Gaza (#4093)
gaza@rlf.com