## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LANNETT COMPANY, INC.,       :

                  :    CIVIL ACTION
                Plaintiff,   :    NO. 08-338 (JJF)
                  :

      v.                     :
                  :

KV PHARMACEUTICAL COMPANY,   :
THER-RX CORP., and DRUGTECH CORP.,   :
                  :

             Defendants.   :
                  :

_____ :

KV PHARMACEUTICAL COMPANY,   :
THER-RX CORP., and DRUGTECH CORP.,   :
                  :

          Counterclaim-Plaintiffs,   :
                  :

      v.                     :
                  :

LANNETT COMPANY, INC.,        :
                  :

         Counterclaim-Defendant.   :

## ANSWER AND AFFIRMATIVE DEFENSES OF
## LANNETT COMPANY, INC., IN RESPONSE TO COUNTERCLAIM

Plaintiff/Counterclaim-Defendant, Lannett Company, Inc. ("Lannett"), by and through its attorneys, Fox Rothschild LLP, hereby Answers the Counterclaim filed by Defendants/Counterclaim-Plaintiffs, KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp. (collectively, "Ther-Rx") as follows:

      1.       Admitted.

      2.       Admitted.

      3.       Admitted.

      4.       Admitted.

**JURISDICTION AND VENUE**

5.      Denied as a conclusion of law to which no response is required.

6.      Admitted in part, denied in part.  It is admitted only that Lannett is a Delaware corporation.  The remaining averments are denied as a conclusion of law to which no response is required.

7.      Denied as a conclusion of law to which no response is required.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

8.      Admitted in part, denied in part.  It is admitted only that U.S. Patent No. 6,258,846 ("the '846 Patent") was issued on July 10, 2001.  The remaining averments are denied as a conclusion of law to which no response is required.  To the extent that the remaining averments contained in this Paragraph constitute averments of fact, they are denied.

9.      Admitted in part, denied in part.  It is admitted only that U.S. Patent No. 6,576,666 ("the '666 Patent") was issued on June 10, 2003.  The remaining averments are denied as a conclusion of law to which no response is required.  To the extent that the remaining averments contained in this Paragraph constitute averments of fact, they are denied.

10.      Admitted in part, denied in part.  It is admitted only that U.S. Patent No. 7,112,609 ("the '609 Patent") was issued on September 26, 2006.  The remaining averments are denied as a conclusion of law to which no response is required.  To the extent that the remaining averments contained in this Paragraph constitute averments of fact, they are denied.

11.      Denied.

12.      Admitted in part, denied in part.  It is admitted only that Lannett has imported into the United States, offered for sale in the United States, and sold in the United States, a product it describes as a Multivitamin with Minerals capsules, which is a multivitamin/mineral product

2

containing, inter alia, omega-3 fatty acids (the "Lannett Product"). It is further denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.

13.    Admitted in part, denied in part. It is admitted only that the Lannett Product is a prescription product of the type often referred to as a prenatal supplement, and that the Lannett Product is intended for use by pregnant women, women trying to get pregnant, and women who have already given birth, especially those who are nursing their babies. It is denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.

14.    Admitted in part, denied in part. It is admitted only that Ther-Rx has used the "PrimaCare®" mark in connection with the pre-natal and post-natal supplements for women. The remaining averments of this Paragraph are denied.

15.    Admitted in part, denied in part. It is admitted only that Ther-Rx has used the "PrimaCare® ONE" mark in connection with the pre-natal and post-natal supplements for women. The remaining averments of this Paragraph are denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

3

24.    Admitted.

25.    Admitted.

26.    Denied.

27.    Denied.

28.    Admitted in part, denied in part.  It is admitted only that copies of registration certificates are attached to Ther-Rx's Counterclaim as Exhibit "D."  The remaining averments are denied as a conclusion of law to which no response is required.  To the extent that the remaining averments contained in this Paragraph constitute averments of fact, they are denied.

29.    Denied as a conclusion of law to which no response is required.

30.    Denied as a conclusion of law to which no response is required.

31.    Admitted in part, denied in part.  It is admitted that Lannett had knowledge as to the existence of Ther-Rx's marks, "PrimaCare®" and "PrimaCare® ONE."  It is further admitted that a label on the Lannett Product read "Compare to the active ingredients in PrimaCare® ONE* *Registered trademark of Ther-Rx Corp." solely for the purpose of comparative advertising, which is entirely appropriate under the law.  It is denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.  The remaining averments in this Paragraph are denied.

32.    Admitted in part, denied in part.  It is admitted only that on or about June 10, 2008, Lannett began to sell, offer for sale and distribute the Lannett Product in the United States commerce, as a generic version of PrimaCare ® ONE.  It is denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.

4

33.     Admitted in part, denied in part.  It is admitted only that from June 10, 2008, to June 24, 2008, Lannett advertised, marketed, promoted, offered for sale, sold and distributed the Lannett Product in the United States commerce, with a label on the Lannett Product that read "Compare to the active ingredients in PrimaCare® ONE* *Registered trademark of Ther-Rx Corp." solely for the purpose of comparative advertising, which is entirely appropriate under the law.  By way of further response, as of June 27, 2008, Lannett changed the labeling on the Lannett Product and, as a result, no Lannett Products sold or distributed after June 24, 2008 contain any reference to "PrimaCare ®" or "PrimaCare® ONE."  It is denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.

34.     Admitted in part, denied in part.  It is admitted only that from June 10, 2008, to June 24, 2008, a label near the top of the Lannett Product sold or distributed read "Compare to the active ingredients in PrimaCare® ONE* *Registered trademark of Ther-Rx Corp.," which reference was made solely for the purpose of comparative advertising, which is entirely appropriate under the law.  It is further admitted that the term "PrimaCare® ONE" on the label of the Lannett Product was written in red ink, appeared in an italics font, contained an uppercase "C" in the term "PrimaCare," and contained all uppercase letters for the word "ONE."  By way of further response, as of June 27, 2008, Lannett changed the labeling on the Lannett Product and, as a result, no Lannett Products sold or distributed after June 24, 2008 contain any reference to "PrimaCare®" or "PrimaCare® ONE."  It is denied that the Lannett Product was an "Infringing Product" at any time, or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.  The remaining averments in this Paragraph, including the graphic size of the labels shown in the Paragraph, are denied.

5

35.    Admitted in part, denied in part.  It is admitted only that from June 10, 2008, to June 24, 2008, a label near the top of the Lannett Product sold or distributed read "Compare to the active ingredients in PrimaCare® ONE* *Registered trademark of Ther-Rx Corp.," which reference was made solely for the purpose of comparative advertising, which is entirely appropriate under the law.  It is denied that the phrase "Compare to the active ingredients in" was provided in much smaller print than the phrase "PrimaCare® ONE."  By way of further response, as of June 27, 2008, Lannett changed the labeling on the Lannett Product and, as a result, no Lannett Products sold or distributed after June 24, 2008 contain any reference to "PrimaCare®" or "PrimaCare® ONE."  It is further denied that the Lannett Product was an "Infringing Product" at any time, or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.

36.    Admitted in part, denied in part.  It is admitted only that the phrase "Compare to the active ingredients in" found on the label of the Lannett Product sold or distributed from June 10, 2008, to June 24, 2008, was written in purple ink and was on an angle compared to the phrase "PrimaCare® ONE."  By way of further response, as of June 27, 2008, Lannett changed the labeling on the Lannett Product and, as a result, no Lannett Products sold or distributed after June 24, 2008 contain any reference to "PrimaCare®" or "PrimaCare® ONE."  It is denied that the Lannett Product was an "Infringing Product" at any time, or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.  The remaining averments in this Paragraph are denied.

37.    Admitted.  By way of further answer, Lannett's use of the "PrimaCare® ONE" mark was solely for the purpose of comparative advertising, which is entirely appropriate under

the law, and it was not necessary that Ther-Rx authorize, approve, sponsor or endorse any of Lannett's products or the use of said mark.

38.    Admitted in part, denied in part.  It is admitted that Ther-Rx's "PrimaCare®
ONE" product and the Lannett Product both come in a purple gel capsule.  It is denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx.

39.    Denied as a conclusion of law to which no further response is required.  To the extent that this Paragraph contains averments of fact, they are denied.

40.    Denied.

41.    Denied.

42.    Denied.  By way of further answer, as of June 24, 2008, Lannett changed the labeling on the Lannett Product and, as a result, no Lannett Products produced after June 24, 2008 contain any reference to "PrimaCare ®" or "PrimaCare® ONE."

43.    Admitted in part, denied in part. It is admitted that on the package insert for the Lannett Product, Lannett has placed an asterisk next to its listing for "Vitamin C (as calcium ascorbate and calcium threonate*)," and that the corresponding asterisk reads "Compare to Ester-C®, a patented pharmaceutical grade material consisting of calcium ascorbate and calcium threonate.  Ester-C® is a licensed trademark of Zila Nutraceuticals, Inc."  It is denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx or any other third party, including but not limited to Zila Nutraceuticals, Inc.

44.    Denied.

45.     Admitted in part, denied in part. It is admitted only that the Lannett Product does not contain Ester-C® brand of Vitamin C, although it does contain Vitamin C (as calcium ascorbate and calcium threonate). It is denied that the Lannett Product is an "Infringing Product" or that Lannett has infringed any patent, trademark or other interest held by Ther-Rx or any other third party. The remaining averments contained in this Paragraph are denied.

46.     Denied.

47.     Denied.

## FIRST CAUSE OF ACTION

### Infringement of U.S. Patent 6,258,846

48.     Lannett incorporates by reference Paragraphs 1 through 47 of this Answer, above, as if set forth at length herein.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

## SECOND CAUSE OF ACTION

### Infringement of U.S. Patent 6,576,666

54.     Lannett incorporates by reference Paragraphs 1 through 53 of this Answer, above, as if set forth at length herein.

55.     Denied.

56.     Denied.

57.     Denied.

8

58.    Denied.

59.    Denied.

## THIRD CAUSE OF ACTION

### Infringement of U.S. Patent 7,112,609

60.    Lannett incorporates by reference Paragraphs 1 through 59 of this Answer, above, as if set forth at length herein.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

## FOURTH CAUSE OF ACTION

### Federal Trademark Infringement

66.    Lannett incorporates by reference Paragraphs 1 through 65 of this Answer, above, as if set forth at length herein.

67.    Denied.

68.    Denied as a conclusion of law to which no response is required.

69.    Denied.

70.    Denied.

71.    Denied.

## FIFTH CAUSE OF ACTION

### False Designation of Origin, False Description and False Representation, Unfair Competition and False Advertising (Federal)

72.     Lannett incorporates by reference Paragraphs 1 through 71 of this Answer, above, as if set forth at length herein.

73.     Denied.

74.     Denied as a conclusion of law to which no response is required.

75.     Denied.

76.     Denied.

## SIXTH CAUSE OF ACTION

### Trademark Infringement, Unfair Competition, False Advertising and Misappropriation (Common Law)

77.     Lannett incorporates by reference Paragraphs 1 through 76 of this Answer, above, as if set forth at length herein.

78.     Denied.

79.     Denied as a conclusion of law to which no response is required.

80.     Denied.

81.     Denied.

WHEREFORE, Plaintiff/Counterclaim-Defendant, Lannett Company, Inc., demands that judgment be entered in its favor and against Defendants/Counterclaim-Plaintiffs, KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp.

## AFFIRMATIVE DEFENSES

Lannett, for its separate affirmative defenses to the Counterclaims of Ther-Rx, states and alleges as follows:

### First Affirmative Defense

Ther-Rx fails to state, in whole or in part, claims upon which relief can be granted.

### Second Affirmative Defense

Ther-Rx's claims are barred and/or limited for the reasons set forth in Lannett's Amended Complaint, which is incorporated by reference as if set forth fully herein.

### Third Affirmative Defense

The '846 Patent, the '666 Patent, and the '609 Patent (collectively, the "Ther-Rx Patents") are invalid and/or unenforceable based upon prior art and obviousness of the subject matter of said patents, and as a result of Ther-Rx's failure to comply with Sections 102 and 103 of Title 35 of the United States Code and other relevant sections of Title 35. Specifically, the Ther-Rx Patents are invalid at least in light of the European published patent application number EP 0 705 539 ("the '539 Publication"), either alone or in combination with PCT International published patent application number WO 1997/48392 ("the '392 Publication").

### Fourth Affirmative Defense

The Ther-Rx Patents are invalid and/or unenforceable based on the inequitable conduct of Ther-Rx.

### Fifth Affirmative Defense

Lannett has not infringed the Ther-Rx Patents.

## Sixth Affirmative Defense

Ther-Rx's marks "PrimaCare®" and "PrimaCare® ONE" are invalid, unenforceable and void.

## Seventh Affirmative Defense

The claims of Ther-Rx are barred, in whole or in part, because Lannett's use, if any, of the "PrimaCare®" and "PrimaCare® ONE" marks is considered fair use.

## Eighth Affirmative Defense

The claims of Ther-Rx are barred, in whole or in part, because the phrases "Compare to the active ingredients in PrimaCare® ONE* *Registered trademark of Ther-Rx Corp." found on the Lannett Product, were used solely for the purpose of comparative and/or descriptive advertising, which is entirely reasonable and appropriate under the law.

## Ninth Affirmative Defense

As of June 24, 2008, Lannett changed the labeling on the Lannett Product and, as a result, no Lannett Products produced after June 24, 2008 contain any reference to "PrimaCare ®" or "PrimaCare® ONE."

## Tenth Affirmative Defense

Ther-Rx lacks standing to assert a claim based on the use by Lannett of the following statement in the packaging insert for the Lannett Product: "Vitamin C (as calcium ascorbate and calcium threonate*) *Compare to Ester-C®, a patented pharmaceutical grade material consisting of calcium ascorbate and calcium threonate. Ester-C® is a licensed trademark of Zila Nutraceuticals, Inc."

## Eleventh Affirmative Defense

The claims of Ther-Rx are barred, in whole or in part, because there is no likelihood of confusion between Ther-Rx's mark and the Lannett Product.

## Twelfth Affirmative Defense

Lannett has not made any false or misleading statements as to its own products or those of another.

## Thirteenth Affirmative Defense

There has been no actual deception by Lannett, nor is there a tendency that the packaging for the Lannett Product will deceive a substantial portion of the intended audience.

## Fourteenth Affirmative Defense

The claims of Ther-Rx are barred, in whole or in part, because Lannett has at all times acted in a manner that was proper, reasonable, lawful, and in good faith.

## Fifteenth Affirmative Defense

The claims of Ther-Rx are barred, in whole or in part, because Ther-Rx's alleged damages, the existence of which is expressly denied, were caused by the acts and omissions of individuals or entities over whom Lannett had or has no control or right to control, including but not limited to Ther-Rx.

## Sixteenth Affirmative Defense

The claims of Ther-Rx are barred, in whole or in part, because Ther-Rx failed to mitigate its damages, the existence of which is expressly denied.

## Seventeenth Affirmative Defense

The claims of Ther-Rx are barred, in whole or in part, by the doctrine of unclean hands.

## Eighteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

## Nineteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

## Twentieth Affirmative Defense

Lannett reserves the right to amend or add such additional separate affirmative defenses that may become available during discovery or at trial and conform any such additional defenses that it may have to the evidence as permitted by Fed.R.Civ.P. 15(b).

WHEREFORE, Plaintiff/Counterclaim-Defendant, Lannett Company, Inc., requests that judgment be entered in its favor and against Defendants/Counterclaim-Plaintiffs, KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp.

/s/ Sophia Siddiqui
Sophia Siddiqui, Esquire (No. 4914)
Gerard P. Norton, Esquire (*)
Alfred J. Monte, Jr., Esquire (*)
Jonathan R. Lagarenne, Esquire (*)
Joshua M. Hummel, Esquire (*)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 622-4278
(302) 656-8920 (facsimile)

(*) Admitted Pro Hac Vice

*Attorneys for Plaintiff/Counterclaim Defendant,*
*Lannett Company, Inc.*

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I caused to be served via email the foregoing documents and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> Frederick L. Cottrell, III, Esquire
> Chad M. Shandler, Esquire
> Richards, Layton & Finger, P.A.
> One Rodney Square
> 920 North King Street, P.O. Box 551
> Wilmington, DE 19801
>
> Richard L. DeLucia, Esquire
> Elizabeth A. Gardner, Esquire
> Charles A. Weiss, Esquire
> Kenyon & Kenyon LLP
> One Broadway
> New York, NY 10004

> /s/ Sophia Siddiqui
> Sophia Siddiqui, Esquire (No. 4914)
> Fox Rothschild LLP
> Citizens Bank Center
> 919 N. Market Street, Suite 1300
> Wilmington, DE 19801
> (302) 622-4278
> (302) 656-8920 (facsimile)