IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LANNETT COMPANY INC.,

            *Plaintiff,*

  v.

KV PHARMACEUTICALS,
DRUGTECH CORPORATION, and
THER-RX CORPORATION,

            *Defendants.*

KV PHARMACEUTICAL COMPANY,
THER-RX CORP., and DRUGTECH
CORP.,

            *Counterclaim-Plaintiffs,*

  v.

LANNETT COMPANY, INC.,

            *Counterclaim-Defendant.*

Civil Action No. 08-338-JJF

JURY TRIAL DEMANDED

---

**OPENING BRIEF IN SUPPORT OF DEFENDANTS/COUNTERCLAIM-
PLAINTIFFS' MOTION TO STRIKE PLAINTIFF/COUNTERCLAIM-
DEFENDANT LANNETT'S INEQUITABLE CONDUCT DEFENSE**

---

*Of counsel*:
Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com
gaza@rlf.com
*Attorneys for Defendants/Counterclaim-
Plaintiffs KV Pharmaceutical Company, Ther-
Rx Corp., and Drugtech Corp.*

RLF1-3305386-1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS ...................................... 1

SUMMARY OF ARGUMENT ............................................................................................... 2

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ...................................................................................................................... 4

THE COURT SHOULD STRIKE LANNETT'S AFFIRMATIVE DEFENSE OF
INEQUITABLE CONDUCT WITH RESPECT TO THE '846 AND '666 PATENTS
FOR FAILURE TO PLEAD WITH PARTICULARITY ............................................................ 4

CONCLUSION .................................................................................................................... 6

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Burlington Indus., Inc. v. Dayco Corp.,
 849 F.2d 1418 (Fed. Cir. 1988)...........................................................................4

EMC Corp. v. Storage Tech. Corp.,
 921 F. Supp. 1261 (D. Del. 1996).................................................................. 4, 5

Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC,
 350 F.3d 1327 (Fed. Cir. 2003)...........................................................................4

Lifescan, Inc. v. Home Diagnostics, Inc.,
 103 F. Supp. 2d 379 (D. Del. 2000)....................................................................4

Martek Biosciences Corp. v. Nutrinova Inc.,
 No. 09-896-GMS, 2004 U.S. Dist. LEXIS 20469 (D. Del. Oct. 8, 2004) ...................... 4, 5

Pharmacia Corp. v. Par Pharm., Inc.,
 417 F.3d 1369 (Fed. Cir. 2005)...........................................................................5

SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n,
 718 F.2d 365 (Fed. Cir. 1983).............................................................................5

**Rules**

Fed. R. Civ. P. 12(f) ...................................................................................... 1, 6

Fed. R. Civ. P. 9(b) ................................................................................... 1, 2, 6

RLF1-3305386-1

## STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS

Defendants/Counterclaim-Plaintiffs KV Pharmaceutical Company, Ther-Rx Corporation,

and Drugtech Corporation (collectively, "KV") respectfully submit this opening brief in support

of their motion pursuant to Federal Rules of Civil Procedure 9(b) and 12(f) to strike

Plaintiff/Counterclaim-Defendant Lannett Company Inc.'s ("Lannett") fourth affirmative defense

of inequitable conduct with respect to U.S. Patents 6,258,846 ("the '846 patent") and 6,576,666

("the '666 patent"). As a fraud-like claim, inequitable conduct must be pled with particularity.

Because Lannett fails to satisfy this standard–alleging in a conclusory manner with no facts at all

that the '846 and '666 patents are invalid for inequitable conduct–the motion should be granted.

Lannett filed a declaratory judgment action in this District Court against KV seeking a

declaration that, among other things, the '846 patent, the '666 patent and U.S. Patent 7,112,609

("the '609 patent") are not infringed and/or are invalid, and that the '609 patent alone is

unenforceable as a result of inequitable conduct. In its Complaint, Lannett did not assert that

either the '846 patent or the '666 patent is unenforceable as a result of inequitable conduct.[1]

KV counterclaimed against Lannett for infringement of the '846, '666 and '609 patents,

trademark infringement, false advertising, and unfair competition (D.I. 5), and moved for a

temporary restraining order and preliminary injunction (D.I. 6). The Court heard oral argument

on June 25, 2008, made rulings from the bench, and entered an Order compelling Lannett to take

remedial action with respect to product in the hands of distributors (D.I. 57).

---

[1]     Lannett filed an Amended Complaint that, in addition to the above, seeks a declaration
that four additional patents, two of which are not even owned by KV but rather are owned by a
non-party, are not infringed and/or are invalid.

1

Lannett answered KV's Counterclaim, asserting numerous affirmative defenses including that the '846 and '666 patents are unenforceable due to inequitable conduct without pleading any facts to support such a defense (D.I. 55).

KV filed a motion to dismiss to Dismiss KV's Amended Complaint for lack of subject matter jurisdiction, failure to include an indispensable party, and failure to state a claim (D.I. 59).

## SUMMARY OF ARGUMENT

The Court should strike Lannett's affirmative defense of inequitable conduct with respect to the '846 and '666 patents for failure to plead this defense with particularity as required by Fed. R. Civ. P. 9(b).

Lannett's Answer to KV's Counterclaim alleges that KV's patents "are invalid and/or unenforceable based on the inequitable conduct of Ther-Rx." Neither the Answer nor Lannett's Amended Complaint asserts an act or omission during prosecution of the '846 patent or the '666 patent alleged to constitute inequitable conduct. Indeed, Lannett does not identify an alleged act of inequitable conduct, let alone describe it with the necessary level of particularity as required by Rule 9(b) and the precedent of this Court.

## STATEMENT OF FACTS

Lannett's Amended Complaint alleges, among other things, each of the '846, '666, and '609 patents is not infringed and/or is invalid, and that the '609 patent alone is unenforceable as a result of inequitable conduct (D.I. 4). The basis for Lannett's allegation that the '609 patent was fraudulently procured (which is without merit) rests solely on a piece of prior art that was mailed to KV's counsel in connection with a different patent application by a lawyer

2

representing an unknown client while the application for the '609 patent was pending (D.I. 4 ¶¶ 38-55). Lannett claims this prior art is material to the patentability of the '609 patent and was knowingly withheld by KV's counsel. Id. Lannett does not, nor can it, allege that he (or anyone else) knew of this art during either the prosecution of the '846 patent or the prosecution of the '666 patent, both of which issued years earlier. See generally Opening Brief in Support of Counterclaim-Plaintiff's Motion for Temporary Restraining Order, Early Preliminary Injunction Hearing and Preliminary Injunction (D.I. 8) at 5-6 (discussing relationship of the patents).

With respect to the '846 and '666 patents, Lannett, in its Amended Complaint, states that KV "[has] taken no steps to correct defects" in these two patents, without any explanation as to what alleged specific defects exist or why KV would have an obligation to "correct" them (D.I. 4 ¶ 59). Lannett does not allege that KV was aware of these mysterious "defects" nor is there any allegation that either the '846 patent or the '666 patent was procured through fraud.

In Lannett's Answer to KV's Counterclaim of patent infringement, it asserts that KV's patents are invalid and/or unenforceable based on inequitable conduct (D.I. 55 at 11). Lannett defines KV's patents as the '846 patent, the '666 patent, and the '609 patent, collectively. Id. No details regarding the alleged inequitable conduct surrounding the procurement of either the '846 patent or the '666 patent are provided.

3

## ARGUMENT

**THE COURT SHOULD STRIKE LANNETT'S AFFIRMATIVE DEFENSE OF
INEQUITABLE CONDUCT WITH RESPECT TO THE '846 AND '666 PATENTS FOR
FAILURE TO PLEAD WITH PARTICULARITY**

The defense of inequitable conduct is analogous to a claim of fraud, see Burlington Indus.,

Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988), and is therefore subject to the

heightened pleading standard applied to claims of fraud pursuant to Fed. R. Civ. P. 9(b).

Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d

1327, 1344 (Fed. Cir. 2003) ("inequitable conduct, while a broader concept than fraud, must be

pled with particularity."); EMC Corp. v. Storage Tech. Corp., 921 F. Supp. 1261, 1263 (D. Del.

1996).

The particularity requirement is not met where a party fails to allege the specific conduct

that forms the basis for a claim of inequitable conduct. For example, an allegation that the

patentee submitted false data in its patent application was held inadequate because it did not

identify what specific data was supposedly false. Martek Biosciences Corp. v. Nutrinova Inc.,

No. 09-896-GMS, 2004 U.S. Dist. LEXIS 20469, at *7-10 (D. Del. Oct. 8, 2004). Similarly, an

allegation that a patentee knowingly withheld material prior art from the PTO and

misrepresented that development of the invention continued without substantial interruption

during a particular time period was held not to comply with the particularity requirement because

it did not identify the prior art that was allegedly withheld. EMC Corp., 921 F. Supp. at 1262-

63; see also Lifescan, Inc. v. Home Diagnostics, Inc., 103 F. Supp. 2d 379, 386 n.3 (D. Del.

2000) (noting that inequitable conduct was not properly pled where defendant generally alleged

4

RLF1-3305386-1

that patentee has failed to disclose material prior art without specifying "what prior art Defendants are referring to").

In this case, Lannett's bare allegation that the '846 and '666 patents "are invalid and/or unenforceable based on the inequitable conduct of [KV]" (D.I. 55 at 11) falls far short of the particularity requirements imposed by Rule 9(b). Comparing Lannett's pleading to those held insufficient in <u>Martek Biosciences</u> and <u>EMC Corp.</u> demonstrates just how inadequate Lannett's allegations are. In those cases, the pleadings that failed under Rule 9(b) at least stated the general bases for their inequitable conduct claims, i.e., the accused infringer in <u>Martek Biosciences</u> alleged generally that the patentee submitted false data in its patent application, and in <u>EMC Corp.</u>, an allegation was generally made that the patentee withheld prior art from the PTO. By contrast, Lannett has not pled even a generic description of the type found insufficient in these cases.

Nor can Lannett meet the particularity requirement by reference to its Amended Complaint, purportedly incorporated by reference into Lannett's Answer to the Counterclaim (D.I. 55 at 11). In its Amended Complaint, Lannett alleged only that the '609 patent was unenforceable for inequitable conduct (D.I. 4 ¶¶ 33-55). These unfounded allegations, however, are limited to the '609 patent and are not pertinent to the '846 or '666 patents, which issued before the acts complained of by Lannett. <u>See</u> <u>SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n</u>, 718 F.2d 365, 378-79 (Fed. Cir. 1983) (rejecting assertion that inequitable conduct in later filed application renders earlier issued patents unenforceable); <u>Pharmacia Corp. v. Par Pharm., Inc.</u>, 417 F.3d 1369, 1375 (Fed. Cir. 2005) (holding that inequitable conduct as to one patent did not render unenforceable different patent issued before the act of inequitable conduct).

5

In short, Lannett does not sufficiently plead inequitable conduct in either its Answer to the Counterclaim or its Amended Complaint.

## CONCLUSION

For the foregoing reasons, KV requests that the Court strike Lannett's fourth affirmative defense of inequitable conduct with respect to the '846 and '666 patents pursuant to Federal Rules of Civil Procedure 9(b) and 12(f).


*Of counsel:*

Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com
gaza@rlf.com

*Attorneys for Defendants/Counterclaim-Plaintiffs KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp.*

Dated:  July 23, 2008

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Sophia Siddiqui
Fox Rothschild LLP
919 Market Street, Suite 1300
P. O. Box 2323
Wilmington, DE   19899-2323

I hereby certify that on July 23, 2008, I sent by electronic mail the foregoing document to the following non-registered participants:

Ross J. Oehler
Alfred J. Monte
Fox Rothschild LLP
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA  19422

Anne Shea Gaza (#4093)
gaza@rlf.com

7