IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANNETT COMPANY, INC., | : |
| | : CIVIL ACTION |
| Plaintiff | : NO. 08-338 (JJF) |
| | : |
| v. | : |
| | : |
| KV PHARMACEUTICAL COMPANY, | : |
| THER-RX CORP., and DRUGTECH CORP., | : |
| | : |
| Defendants | : |
| | : |
| KV PHARMACEUTICAL COMPANY, | : |
| THER-RX CORP., and DRUGTECH CORP., | : |
| | : |
| Counterclaim-Plaintiffs | : |
| | : |
| v. | : |
| | : |
| LANNETT COMPANY, INC., | : |
| | : |
| Counterclaim-Defendant | : |

**RESPONSE OF LANNETT COMPANY, INC., TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MOTION TO STRIKE PLAINTIFF/COUNTERCLAIM-DEFENDANT LANNETT'S INEQUITABLE CONDUCT DEFENSE**

Plaintiff/Counterclaim-Defendant, Lannett Company, Inc. ("Lannett"), by and through its attorneys, Fox Rothschild LLP, files this Response in opposition to the Motion of Defendants/Counterclaim-Plaintiffs, KV Pharmaceutical Company, Ther-Rx Corp. and Drugtech Corp. to Strike Plaintiff/Counterclaim-Defendant Lannett's Inequitable Conduct Defense. The factual and legal basis for Lannett's Response is set forth in the Opening Brief which is being filed concurrently herewith, and the contents of which are incorporated by reference.

**WHEREFORE**, Lannett respectfully requests that this Honorable Court deny the Motion of Defendants/Counterclaim-Plaintiffs, KV Pharmaceutical Company, Ther-Rx Corp. and Drugtech Corp. to Strike Plaintiff/Counterclaim-Defendant Lannett's Inequitable Conduct Defense.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

/s/ Sophia Siddiqui
Sophia Siddiqui, Esquire (No. 4914)
Gerard P. Norton, Esquire (*)
Alfred J. Monte, Jr., Esquire (*)
Jonathan R. Lagarenne, Esquire (*)
Joshua M. Hummel, Esquire (*)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 622-4278
(302) 656-8920 (facsimile)

*Attorneys for Plaintiff,
Lannett Company, Inc.*

(*) Admitted Pro Hac Vice

Date: August 6, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANNETT COMPANY, INC.,<br><br>  Plaintiff<br><br>v.<br><br>KV PHARMACEUTICAL COMPANY,<br>THER-RX CORP., and DRUGTECH CORP.,<br><br>  Defendants | CIVIL ACTION<br>NO. 08-338 |
| KV PHARMACEUTICAL COMPANY,<br>THER-RX CORP., and DRUGTECH CORP.,<br><br>  Counterclaim-Plaintiffs<br><br>v.<br><br>LANNETT COMPANY, INC.,<br><br>  Counterclaim-Defendant | |

**OPENING BRIEF OF LANNETT COMPANY, INC., IN OPPOSITION TO
DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MOTION TO STRIKE
PLAINTIFF/COUNTERCLAIM-DEFENDANT LANNETT'S INEQUITABLE
CONDUCT DEFENSE**

FOX ROTHSCHILD LLP
Sophia Siddiqui, Esquire (No. 4914)
Gerard P. Norton, Esquire (*)
Alfred J. Monte, Jr., Esquire (*)
Jonathan R. Lagarenne, Esquire (*)
Joshua M. Hummel, Esquire (*)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 622-4278
(302) 656-8920 (facsimile)
*Attorneys for Plaintiff,
Lannett Company, Inc.*

(*) Admitted Pro Hac Vice

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ………………………………………………………………i

STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS ...................................... 1

STATEMENT OF THE FACTS ................................................................................... 2

SUMMARY OF ARGUMENT ...................................................................................... 3

ARGUMENT ................................................................................................................. 3

CONCLUSION ............................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**      **Page**

Bruno Independent Living Aids, Inc. v. Acorn Mobility Services,
    394 F.3d 1348 (Fed. Cir. 2005)..................................................................................8

Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.,
    120 F.3d 1253 (Fed. Cir. 1997)..................................................................................8

EMC Corp. v. Storage Tech. Corp.,
    921 F. Supp. 1261 (D. Del. 1996)..............................................................................7

Greiff v. T.I.C. Enterprises, LLC, No. Civ. 03-882,
    2004 WL 115553 (D. Del. Jan. 9, 2003)...................................................................4

Impax Laboratoriess, Inc. v. Aventis Pharms., Inc.,
    468 F.3d 1366 (Fed. Cir. 2006)..................................................................................5

M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.,
    439 F.3d 1335 (Fed. Cir., 2006).................................................................................5

Martek Biosciences Corp. v. Nutrinova,
    No. Civ. A. 03-896-GMS, 2004 WL 2297870 (D. Del. Oct. 8, 2004) ....................3, 9

McKesson Information Solutions, LLC v. Trizetto Group,
    No. Civ. 04-1258-SLR, 2005 WL 914776 (D. Del. Apr. 20, 2005) .......................4, 8

McKesson Information Solutions, Inc. v. Bridge Medical, Inc.,
    487 F.3d 897 (Fed. Cir. 2007)....................................................................................6

Proctor & Gamble Co. v. Nabisco Brands, Inc.,
    697 F. Supp. 1360 (D. Del. 1988)..........................................................................3, 4

Rohm & Haas Co. v. Crystal Chemical Co.,
    722 F.2d 1556 (Fed. Cir. 1983)..................................................................................8

Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.,
    820 F. Supp. 150 (D. Del. 1992)................................................................................4

Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.,
    No. 99-CV-274-SLR, 2000 WL 1481015 (D. Del. Sept. 29, 2000) ..........................4

Venetec International, Inc. v. Nexus Medical, LLC,
    541 F. Supp. 2d 612 (D. Del. 2008)...................................................................5, 7, 8

| **Statutes, Regulations, Rules of Procedure, etc.** | **Page** |
|---|---|
| F.R.C.P. 8(a)(2) | 7 |
| F.R.C.P. 9(b) | 9 |
| 15 U.S.C. § 2 | 1 |
| 37 C.F.R. §1.56 | 5 |
| MPEP §2001.04 | 5 |
| MPEP §2004(9) | 6 |

Case 1:08-cv-00338-JJF   Document 73-2   Filed 08/06/2008   Page 4 of 13

## STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff/Counterclaim-Defendant Lannett Company, Inc. ("Lannett") filed this action on June 6, 2008, seeking a declaratory judgment, inter alia, that certain patents belonging to Defendants/Counterclaim-Plaintiffs, KV Pharmaceuticals, DrugTech Corporation and Ther-Rx Corporation (collectively, "KV")[1], are invalid and unenforceable, and that Lannett's Multivitamin with Minerals product does not infringe upon any such patents. Lannett has also brought claims under the Sherman Antitrust Act, 15 U.S.C. § 2, and under the Delaware Deceptive Trade Practices Act, 6 Del.C. § 2532, because KV has engaged in unfair competition and deceptive trade practices in the marketplace by unlawfully preventing Lannett and others from entering the market. Lannett subsequently filed an Amended Complaint on June 10, 2008. Of particular relevance to the instant Motion, Count III of Lannett's Amended Complaint asserts a claim seeking to declare as invalid and unenforceable U.S. Patent No. 7,112,609 (the "'609 Patent") on the basis of inequitable conduct committed by KV in prosecuting same.[2]

On June 17, 2008, KV filed a Counterclaim, claiming that Lannett has infringed the '609 Patent, as well as U.S. Patent No. 6,258,846 (the "'846 Patent") and U.S. Patent No. 6,576,666 (the "'666 Patent").[3] On July 7, 2008, Lannett filed an Answer and Affirmative Defenses in response to KV's Counterclaim. Lannett's Answer included, inter alia, an affirmative defense that KV's patents "are invalid and/or unenforceable based on [KV's] inequitable conduct." (See Answer and Affirmative Defenses of Lannett Company, Inc., at Fourth Affirmative Defense.)

---

[1] DrugTech and Ther-Rx are wholly-owned subsidiaries of KV. DrugTech owns the patents at issue and licenses the patents to KV and Ther-Rx. For ease of reference, the Movants have referred to themselves collectively as "KV." (See Defendants' Opening Brief, at 1.) Therefore, for the sake of consistency, this brief will also refer to the Movants, in the collective, as "KV."

[2] On July 18, 2008, KV filed a Motion to Dismiss with respect to Lannett's Amended Complaint. Notably, in its Motion to Dismiss, KV has not asserted that Lannett has failed substantively to state a claim that the '609 Patent is unenforceable on the basis of inequitable conduct.

1

On July 23, 2008, KV filed the instant Motion to Strike Lannett's Inequitable Conduct Defense ("Motion to Strike"), as to the '846 Patent and the '666 Patent.[4] For the reasons set forth herein, KV's Motion to Strike must be denied.

## STATEMENT OF THE FACTS

Since 1942, Lannett has been in the business of developing, manufacturing and marketing generic pharmaceutical products in tablet, capsule and oral liquid forms. Lannett, which has been a pioneer in the United States generic drug industry, is a Delaware corporation with headquarters in Philadelphia, Pennsylvania. Lannett currently markets more than sixty (60) products, approximately forty (40) of which are produced in-house.

Lannett planned, developed and has marketed a "Multivitamin with Minerals" capsule, a multivitamin/mineral product containing omega-3 fatty acids for women pre- and post-conception, within the United States. Dietary multivitamin/mineral and omega-3 fatty acid supplements are prescribed by healthcare professionals throughout pregnancy and during the postnatal period for both lactating and non-lactating mothers, and throughout the childbearing years. Lannett's multivitamin is packaged in a white, plastic, screw-top bottle containing thirty (30) capsules.

KV seeks to prevent Lannett from marketing and selling its Multivitamin with Minerals. KV contends that it holds numerous patents that would prevent Lannett and other competitors from introducing a competitive multivitamin/mineral and omega-3 fatty acid supplementation products in competition with KV's product, PrimaCare® ONE. Specifically, KV contends that Lannett has infringed the '609 Patent, the '666 Patent, and the '846 Patent. As alleged in

---

[3] On that date, KV also filed a Motion for Temporary Restraining Order, Early Preliminary Injunction Hearing and Preliminary Injunction, which proceeded to a hearing before the Court on June 25, 2008.
[4] KV does not contend that Lannett's affirmative defense of inequitable conduct is insufficiently pled as to the '609 Patent. Therefore, KV does not seek the dismissal of Lannett's affirmative defense in its entirety.

2

Lannett's Amended Complaint, however, KV's Patents are invalid based upon prior art, pursuant to sections 102 and 103 of Title 35 of the United States Code. Furthermore, KV's patents are invalid and unenforceable on the basis of KV's inequitable conduct in prosecuting the relevant patents and in failing to inform the United States Patent and Trademark Office ("PTO") of relevant and material prior art.

In light of the invalidity, unenforceability and/or non-infringement of KV's patents, Lannett sought assurances from KV that it would not assert these patents and thereby block Lannett's entry into the market. KV failed or refused to provide those requested assurances, prompting the filing of this declaratory judgment action by Lannett.

## SUMMARY OF ARGUMENT

Motions to strike an affirmative defense are generally disfavored by the courts and will be denied so as to allow the defendant an opportunity to conduct discovery and obtain evidence concerning the defenses pleaded. With respect to the affirmative defense of inequitable conduct in the prosecution of a patent, the Federal Rules of Civil Procedure only require Lannett to place KV on sufficient notice of the misconduct charged, by citing to the prior art allegedly withheld during the patent prosecution. Lannett has satisfied its pleading obligations under the Rules and has adequately placed KV on notice of the misconduct alleged. KV's Motion to Strike Lannett's affirmative defense is premature, particularly because evidence regarding KV's knowledge and intent is in the exclusive possession of KV, and is expected to be revealed through discovery. Accordingly, KV's Motion must be denied.

## ARGUMENT

As stated by the court in Martek Biosciences Corp. v. Nutrinova, No. Civ. A. 03-896-GMS, 2004 WL 2297870, (D. Del. Oct. 8, 2004), a case cited by KV, motions to strike affirmative defenses are generally disfavored by the courts. Id. at *1, citing Proctor & Gamble

3

Co. v. Nabisco Brands, Inc., 697 F.Supp. 1360, 1362 (D. Del. 1988). "When ruling on such a motion, 'the court must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under the law.'" Id. "Furthermore, courts prefer not to grant a motion to strike 'unless it appears to a certainty that the movant would succeed despite any state of the facts, which could be proved in support of the defense.'" Id., quoting Greiff v. T.I.C. Enterprises, LLC, No. Civ. 03-882, 2004 WL 115553 (D. Del. Jan. 9, 2003). "[I]n complex litigation, such as cases involving patent infringement, it is through the discovery process that the parties refine and focus their claims," and as a result, courts will typically decline to strike affirmative defenses "until adequate discovery has been completed." McKesson Info. Solutions, LLC v. Trizetto Group, No. Civ. 04-1258-SLR, 2005 WL 914776, *1 (D. Del. Apr. 20, 2005).

Although Lannett's Fourth Affirmative Defense, filed in response to KV's Counterclaim, alleges only that KV's patents "are invalid and/or unenforceable based on [KV's] inequitable conduct," Lannett's Second Affirmative Defense further provides that KV's claims "are barred and/or limited for the reasons set forth in Lannett's Amended Complaint, which is incorporated by reference as if set forth fully herein."[5] (See Answer and Affirmative Defenses of Lannett Company, Inc., at Second and Fourth Affirmative Defenses.) When addressing a motion to strike an affirmative defense, the Court may consider a defendant's other pleadings to determine whether the plaintiff has been placed on sufficient notice as to an inequitable conduct defense. Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co., 820 F.Supp. 150, 154 (D. Del. 1992). See also Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., No. 99-CV-274-SLR, 2000 WL 1481015 (D. Del. Sept. 29, 2000) ("Because defendant's subsequent filings with

---

[5] As is set forth more fully, infra, Lannett's Amended Complaint sufficiently alleges the inequitable conduct of KV which forms the basis of Lannett's defense concerning the invalidity and unenforceability of the relevant patents.

this court clarify its pleadings, plaintiff's motion [to strike affirmative defense of inequitable conduct] is denied.").

Here, Lannett's Amended Complaint and its Answer to KV's Counterclaim have placed KV on sufficient notice concerning Lannett's allegations of inequitable conduct regarding KV's presentation and prosecution of the relevant patents. "Because the patent application process is *ex parte*, patent applicants and their counsel, or those involved in the preparation and prosecution of patent applications, owe a duty of candor and good faith to the PTO." Venetec Int'l, Inc. v. Nexus Medical, LLC, 541 F.Supp.2d 612, 618 (D. Del. 2008). "The breach of that duty may render a patent unenforceable for inequitable conduct." Id., citing M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., 439 F.3d 1335, 1339 (Fed. Cir., 2006); 37 C.F.R. §1.56. Thus, in order to prove the unenforceability of a patent based on inequitable conduct, the party seeking to invalidate the patent must establish: (1) affirmative misrepresentations of a material fact, the failure to disclose material information, *or* submission of false material information; and (2) an intent to deceive. Id., citing Impax Labs., Inc. v. Aventis Pharms., Inc., 468 F.3d 1366, 1374 (Fed. Cir. 2006). The duty to disclose includes, but is not necessarily limited to, prior art. Id. at 620.

Furthermore, pursuant to 37 C.F.R. §1.56, the duty to disclose information, including prior art, exists during the entire pendency of the patent claim. The duty to disclose information "does not end when an application becomes allowed but extends until a patent is granted on that application." MPEP § 2001.04. Thus, at all times during the pendency of its patent applications, KV was under a duty to disclose to the PTO any and all material prior art information, including any prior art disclosed within pending patent applications.

Lannett's pleadings affirmatively establish that KV failed to disclose prior art to the PTO at least once and that as a result, the relevant patents are unenforceable because of KV's inequitable conduct. As alleged in Lannett's Amended Complaint, the '609 Patent was not issued until September 26, 2006. (Amended Complaint, at ¶ 35.) Prior to that date, on July 12, 2005, Gary J. Connell, Esquire, on behalf of an undisclosed client, filed a third-party submission with the PTO, stating that European Patent Application No. EP 0 705 539 A2 (the "'539 Application"), which was published on April 10, 1996, was material to the patentability of KV's separate U.S. Application Serial No. 11/021,344 (the "'344 Continuation Application"). (Amended Complaint, at ¶ 38.) Mr. Connell also mailed a copy of the third-party submission to counsel for KV on July 12, 2005, evidencing that KV and its counsel were aware that the '539 Application was prior art at least as early as July 12, 2005, **before** the '609 Patent was issued. Id. (Amended Complaint, at ¶ 39.) On October 4, 2005, KV responded to the third-party submission, confirming its awareness of the '539 Application. (Amended Complaint, at ¶¶ 45-46.) However, KV did not subsequently disclose the '539 Application to the PTO as a prior art reference with respect to the '609 Patent. Reference to a prior art in one proceeding before the PTO does not excuse the applicant from its duty to disclose the material prior art reference with respect to another pending application. McKesson Information Solutions, Inc. v. Bridge Medical, Inc., 487 F.3d 897, 916 (Fed. Cir. 2007). See also MPEP § 2004(9) (applicant "cannot assume that the examiner of a particular application is necessarily aware of other applications which are 'material to patentability' of the application in question, but must instead bring such other applications to the attention of the examiner."). KV's failure to notify the PTO of the prior art reference during the pendency of its patent application evinces its inequitable conduct in the prosecution of the '609 Patent.

KV moves to strike Lannett's affirmative defense of inequitable conduct as to the '846 Patent and '666 Patent on the basis that Lannett's defense allegedly does not satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure.[6] Under the law of this jurisdiction, however, inequitable conduct allegations "remain subject to the liberal pleading standard of Rule 8, which requires only a 'short and plain' statement of a claim or defense,' the purpose of which is to place the opposition on notice of the misconduct charged." Venetec, 541 F.Supp.2d at 618. In such cases, "pleadings that disclose the name of the allegedly withheld prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." Id. at 618-19. See also EMC Corp. v. Storage Tech. Corp., 921 F.Supp. 1261, 1263 (D. Del. 1996) ("Rule 9(b) does not require that the complaint allege the date, time or place of the alleged inequitable conduct, provided the complaint gives the defendants notice of the precise misconduct alleged."). Thus, where the defendant's pleading alleges with reasonable particularity the prior art references to which it is referring, the plaintiff is sufficiently "on notice of the misconduct alleged" and the defendant will be deemed to have satisfied the pleading requirements of Rule 9(b). Trizetto Group, 2005 WL 914776 at *3. See also F.R.C.P. 8(a)(2) ("A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief.").

Lannett's Amended Complaint clearly places KV on notice of the prior art references that form the basis of the affirmative defense of inequitable conduct. (See Amended Complaint, at ¶¶ 38-55.) KV contends that Lannett fails to adequately plead this defense as to the '846 Patent and the '666 Patent because KV allegedly did not have knowledge of the '539 Application before

---

[6] In its Motion to Strike, KV does not contend that Lannett's affirmative defense of inequitable conduct must be dismissed in its entirety, as KV appears to concede that Lannett properly pleads the defense with regard to the '609 Patent.

7

those patents were issued on July 10, 2001, and June 10, 2003, respectively. Notably, however, the '539 Application, which was easily identifiable and locatable, was published on April 10, 1996, more than five (5) years before the '846 Patent was issued and more than seven (7) years before the '666 Patent was issued. Regardless, as discussed above, "in complex litigation, such as cases involving patent infringement, it is through the discovery process that the parties refine and focus their claims," and as a result, courts will typically decline to strike affirmative defenses "until adequate discovery has been completed." Trizetto Group, 2005 WL 914776, at *1. Discovery of circumstances surrounding the prosecution of a patent is especially important where the potentially deceptive intentions of the defendant is at issue. See Rohm & Haas Co. v. Crystal Chem. Co., 722 F.2d 1556, 1571 (Fed. Cir. 1983) (direct proof of intent to deceive ordinarily absent; therefore, proof of applicant's actual state of mind not required); Venetec, 541 F.Supp.2d at 620 ("Direct evidence of intent is rarely available, but may be inferred from the surrounding circumstances."). Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., 394 F.3d 1348, 1354 (Fed. Cir. 2005) (where patentee "has not proffered a credible explanation for the nondisclosure...an inference of deceptive intent may fairly be drawn"); Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253 (Fed. Cir. 1997) ("a patentee facing a high level of materiality and clear proof that it knew or should have known of that materiality, can expect to find it difficult to establish 'subjective good faith' sufficient to prevent the drawing of an inference of intent to mislead.").

Here, KV's Motion to Strike Lannett's defense of inequitable conduct is premature, particularly where evidence regarding KV's knowledge and intent is in the exclusive possession of KV. Lannett intends to take discovery with respect to KV's knowledge of prior art in connection with the patents-in-suit. Should discovery reveal that KV did not engage in

inequitable conduct in connection with its prosecution of the '846 Patent and/or the '666 Patent, then KV will certainly be free to file a motion for summary judgment as to Lannett's defenses to those patents following the close of discovery. In the meantime, however, in granting Lannett all favorable inferences in its pleadings, it does not appear "to a certainty" that KV would succeed "despite any state of the facts, which could be proved in support of" Lannett's defense. Martek, 2004 WL 2297870, at *1. Accordingly, since Lannett has placed KV on proper and adequate notice concerning the grounds for its defense, KV's Motion to Strike must be denied. To the extent that the Court determines that Lannett's affirmative defense does not adequately plead inequitable conduct within the specificity requirements of the Federal Rules of Civil Procedure Rule 9(b), Lannett respectfully requests that it be granted leave to file an amended pleading.

## CONCLUSION

For all of the foregoing reasons, the Motion of Defendants/Counterclaim-Plaintiffs, KV Pharmaceutical Company, Ther-Rx Corp. and Drugtech Corp. to Strike Plaintiff/Counterclaim-Defendant Lannett's Inequitable Conduct Defense, must be denied.

Respectfully Submitted,
**FOX ROTHSCHILD LLP**

/s/ Sophia Siddiqui
Sophia Siddiqui, Esquire (No. 4914)
Gerard P. Norton, Esquire
Alfred J. Monte, Jr., Esquire
Jonathan R. Lagarenne, Esquire
Joshua M. Hummel, Esquire
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 622-4278
(302) 656-8920 (facsimile)

*Attorneys for Plaintiff,
Lannett Company, Inc.*

Date: August 6, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANNETT COMPANY, INC., | : |
| | : CIVIL ACTION |
| Plaintiff | : NO. 08-338 (JJF) |
| | : |
| v. | : |
| | : |
| KV PHARMACEUTICAL COMPANY, | : |
| THER-RX CORP., and DRUGTECH CORP., | : |
| | : |
| Defendants | : |
| _____ | : |
| | : |
| KV PHARMACEUTICAL COMPANY, | : |
| THER-RX CORP., and DRUGTECH CORP., | : |
| | : |
| Counterclaim-Plaintiffs | : |
| | : |
| v. | : |
| | : |
| LANNETT COMPANY, INC., | : |
| | : |
| Counterclaim-Defendant | : |

## ORDER

AND NOW, this _____ day of _____, 2008, upon consideration of the Motion of Defendants/Counterclaim-Plaintiffs, KV Pharmaceutical Company, Ther-Rx Corp. and Drugtech Corp. to Strike Plaintiff/Counterclaim-Defendant Lannett's Inequitable Conduct Defense, the Response of Plaintiff/Counterclaim-Defendant Lannett Company, Inc. thereto, and the briefs of the parties thereon, it is HEREBY ORDERED that the aforesaid Motion to Strike is DENIED.

BY THE COURT:

_____
Joseph J. Farnan, Jr., J.

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2008, I caused two (2) copies of the foregoing documents to be served, one copy via CM/ECF and another copy via First Class Mail, postage prepaid, upon the following individuals:

Frederick L. Cottrell, III, Esquire
Chad M. Shandler, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street, P.O. Box 551
Wilmington, DE 19801

Richard L. DeLucia, Esquire
Elizabeth A. Gardner, Esquire
Charles A. Weiss, Esquire
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004

/s/ Sophia Siddiqui
Sophia Siddiqui, Esquire (No. 4914)
Fox Rothschild LLP
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 622-4278
(302) 656-8920 (facsimile)