IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANNETT COMPANY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> KV PHARMACEUTICALS, DRUGTECH CORPORATION, and THER-RX CORPORATION, <br><br> *Defendants.* | C. A. No. 08-338-JJF <br><br><br> **JURY TRIAL DEMANDED** |
| KV PHARMACEUTICAL COMPANY, THER-RX CORP., and DRUGTECH CORP., <br><br> *Counterclaim-Plaintiffs,* <br><br> v. <br><br> LANNETT COMPANY, INC., <br><br> *Counterclaim-Defendant.* | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS LANNETT'S AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO INCLUDE AN INDISPENSABLE PARTY, AND FAILURE STATE A CLAIM**

*Of counsel*:
Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com
gaza@rlf.com
*Attorneys for Defendants/Counterclaim-Plaintiffs KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

I.     LANNETT'S UNILATERAL ACTION OF DEMANDING THAT KV NOT
       ENFORCE ITS PATENTS, FOLLOWED BY THE FILING OF THIS CASE
       HOURS LATER WHEN KV DID NOT IMMEDIATELY RESPOND, IS
       INSUFFICIENT TO ESTABLISH JURISDICTION ............................................................ 1

II.    LANNETT CONCEDES THAT THE ALBION PATENTS SHOULD
       DISMISSED FROM THIS ACTION .................................................. ......................... 4

III.   COUNT 4 OF THE AMENDED COMPLAINT SHOULD BE DISMISSED
       BECAUSE LANNETT HAS NOT DEFINED THE RELEVANT MARKET
       WITH REFERENCE TO COMPARABLE PRODUCTS OR OTHER FACTORS
       PERTAINING TO CROSS-ELASTICITY OF DEMAND ........................................... 5

IV.    LANNETT HAS FAILED TO STATE A WALKER PROCESS CLAIM ...................... 6

       A.    KV's Brief Silence Cannot Reasonably by Interpreted as an "Attempt at
             Enforcement" ....................................................................................................... 6

       B.    Lannett has Failed to Plead Antitrust Damages Because it Has Not
             Alleged that the '609 Patent Caused it to Suffer Damages that it Would
             Not Otherwise Have Suffered From the '666 Patent, Of Which it Has
             Acknowledged Infringement ............................................................................... 7

V.     COUNT 5 OF LANNETT'S AMENDED COMPLAINT SHOULD BE
       DISMISSED BECAUSE LANNETT FAILS TO ALLEGE HOW IT HAS BEEN
       HARMED BY KV'S REPRESENTATION THAT PRIMACARE ONE® IS
       COVERED BY THE '609 PATENT ............................................................................. 8

VI.    CONCLUSION .................................................................................. ........................ 8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

B.V. Optische Industrie de Oude Delft, Oldelft N.V. v. Hologic, Inc.,
 909 F. Supp. 162 (S.D.N.Y. 1995) .............................................................................. 5

Cat Tech LLC v. TubeMaster, Inc.,
 528 F.3d 871 (Fed. Cir 2008) ............................................................................... 1, 2

Ethex Corp. v. First Horizon Pharm. Corp.,
 228 F. Supp. 2d 1048 (E.D. Mo. 2002) ................................................................... 4

In re Netflix Antitrust Litig.,
 506 F. Supp. 2d 308 (N.D. Cal. 2007) ..................................................................... 7

In Re: Tamoxifen Citrate Antitrust Litig.,
 466 F.3d 187 (2nd Cir. 2006) ................................................................................. 7

Innovative Therapies, Inc. v. Kinetic Concepts, Inc.,
 2008 U.S. Dist. LEXIS 53290 (D. Del. July 14, 2008) ........................................ 2, 3

Keene Corp. v. United States,
 113 S. Ct. 2035 (1993) ............................................................................................ 2

KV Pharm. Co. v. Medecor Pharma, LLC,
 354 F. Supp. 2d 682 (E.D. La. 2003) ..................................................................... 3

MedImmune, Inc. v. Genentech, Inc.,
 127 S. Ct. 764 (2007) ........................................................................................... 1, 4

Merck & Co. Apotex, Inc.,
 488 F. Supp. 2d 418 (D. Del. 2007) ........................................................................ 7

Micron Tech. Inc. v. Mosaid Techs., Inc.,
 518 F.3d 897 (Fed. Cir. 2008) .............................................................................. 2, 3

Queen City Pizza, Inc. v. Domino's Pizza, Inc.,
 124 F.3d 430 (3d Cir. 1997) .................................................................................... 5

Re-Alco Indus. v. Nat'l Ctr. For Health Educ.,
 812 F.Supp. 387 (S.D.N.Y. 1993) .......................................................................... 5

SanDisk Corp. v. STMicroelectronics, Inc.,
 480 F.3d 1372 (Fed. Cir. 2007) .............................................................................. 1

ii

Unitherm Food Sys. V. Swift Eckrich, Inc.,
    375 F.3d 1341 (Fed. Cir. 2004) ................................................................. 7

'

I.   **LANNETT'S UNILATERAL ACTION OF DEMANDING THAT KV NOT ENFORCE ITS PATENTS, FOLLOWED BY THE FILING OF THIS CASE HOURS LATER WHEN KV DID NOT IMMEDIATELY RESPOND, IS INSUFFICIENT TO ESTABLISH JURISDICTION**

Lannett concedes that at the time it filed its Amended Complaint, KV had not taken any action against Lannett and had not given Lannett any indication that it might do so. Indeed, as Lannett concedes, KV was not even aware of Lannett's Multivitamin product until it received Lannett's demand letter a few hours before Lannett filed this case. Rather, Lannett asserts that declaratory judgment jurisdiction existed simply because (i) KV owns patents that Lannett thought it might infringe; (ii) KV <u>later</u> counterclaimed for infringement of three of the seven patents named in Lannett's Amended Complaint; and (iii) KV has previously litigated other unrelated "intellectual property matters" against different companies. None of these facts gave rise to a dispute that permitted Lannett to seek a declaratory judgment.

Neither <u>MedImmune</u> nor its progeny held that every patent owner is subject to suit by infringers that determine they may have infringement problems without <u>some</u> action by the patentee to give rise to a case or controversy. Rather, declaratory judgment jurisdiction requires a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>MedImmune, Inc. v. Genentech, Inc.</u>, 127 S. Ct. 764, 771 (2007). This requirement is not satisfied when, as here, a patentee has taken <u>no</u> affirmative action regarding infringement. <u>SanDisk Corp. v. STMicroelectronics, Inc.</u>, 480 F.3d 1372, 1380 (Fed. Cir. 2007).

Lannett cites <u>Cat Tech LLC v. TubeMaster, Inc.</u>, 528 F.3d 871 (Fed. Cir 2008), for the proposition that the current dispute is real and immediate, but <u>Cat Tech</u> did not hold that declaratory judgment jurisdiction exists absent an affirmative act by the patentee. Rather, in that case, patent owner Cat Tech sued TubeMaster for infringement of a patent directed to methods of

loading chemical reactors. <u>Cat Tech</u>, 528 F.3d at 877-78. TubeMaster counterclaimed for a declaratory judgment that three alternative methods of loading did not infringe <u>the very patent</u> that Cat Tech had already sued on. <u>Id.</u> Because Cat Tech had already sued on the patent, the issue in that case was whether TubeMaster had taken sufficient steps towards implementing the alternative loading methods to make their adjudication real and immediate. <u>Id.</u> at 878-83. Unlike the situation in <u>Cat Tech</u>, here, KV had taken no position regarding infringement by Lannett.

Lannett's argument that KV's subsequent Counterclaim for infringement supports jurisdiction over Lannett's Amended Complaint also fails, because it has long been established that jurisdiction must be determined as of the time the complaint is filed. <u>See</u>, <u>e.g.</u>, <u>Keene Corp.</u> <u>v. United States</u>, 113 S. Ct. 2035, 2040 (1993) (noting "longstanding principle that the jurisdiction of the Court depends upon the state of things at the time of the action brought."); <u>Innovative Therapies, Inc. v. Kinetic Concepts, Inc.</u>, Civ. No. 07-589, 2008 U.S. Dist. LEXIS 53290 at *25 (D. Del. July 14, 2008) ("It is well-settled that the burden is on the declaratory judgment plaintiff to establish that jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since...Later events may not create jurisdiction where none existed at the time of filing of the complaint.").

<u>Micron Tech. Inc. v. Mosaid Techs., Inc.</u>, 518 F.3d 897, 901-02 (Fed. Cir. 2008), cited by Lannett, does not hold to the contrary. In <u>Micron</u>, prior to the complaint being filed, the patentee sent several warning letters directly to the declaratory plaintiff, engaged in a pattern of aggressive enforcement of its patent portfolio against the declaratory plaintiff's competitors, and publicly announced its intentions to continue an aggressive litigation strategy against the entire industry. 518 F.3d at 899-900. Based on these affirmative actions, none of which remotely

2

resembles the facts here, the court held that declaratory judgment existed at the time the complaint was filed. Id. at 901-02. It is irrelevant to the instant case that the patentee in Micron confirmed its pre-suit conduct by filing a complaint for infringement one day after the declaratory judgment complaint was filed. Here, KV had done nothing prior to Lannett filing its Amended Complaint—indeed, it was not even aware of Lannett's product until hours before Lannett filed suit. That KV later filed a Counterclaim alleging infringement of three of the seven patents named in Lannett's Amended Complaint is of no moment and cannot retroactively give rise to subject matter jurisdiction. See Innovative Therapies, Inc, 2008 U.S. Dist. LEXIS 53290 at *25.

Finally, contrary to Lannett's assertions, KV's prior litigation of "intellectual property cases" does not give rise to an actual controversy in the instant case. The four cases cited by Lannett in its brief for the proposition that KV is "litigious" were all Lanham Act cases against companies other than Lannett seeking redress for trademark or trade dress infringement.[1] Not a single case cited in Lannett's Opposition Brief involved a claim by KV for patent infringement, let alone a claim against Lannett or a claim for infringement of one of the patents named in Lannett's Amended Complaint. These cases therefore are irrelevant to whether or not KV has taken a legal position as it pertains to infringement by Lannett's Multivitamin (or any other competitor's product) of the patents named in the Amended Complaint.

Lannett's arguments boil down to an assertion that any patent holder is subject to declaratory judgment jurisdiction at any time by any company that makes or sells a product

---

[1]    KV Pharm. Co. v. KVK-Tech, Inc., No. 4:07-cv-01951 (trademark infringement suit based on defendant's improper use of the KV trade name) (complaint attached as Ex. A); KV Pharm. Co. v. KVD Pharma, Inc., No. 4:07-cv-01385 (same) (complaint attached as Ex. B); KV Pharm. Co. v. Medecor Pharma, LLC, 354 F. Supp. 2d 682 (E.D. La. 2003) (trademark (continued . .)

which may infringe the patent holder's patent(s). While <u>MedImmune</u> may have made the

declaratory judgment standard long-applied by the Federal Circuit somewhat more flexible, it did

not purport to confer upon the federal courts jurisdiction to require patent owners to defend their

rights anytime a potential infringer wants to clarify its potential liability.

## II.    LANNETT CONCEDES THAT THE ALBION PATENTS SHOULD DISMISSED FROM THIS ACTION

Lannett does not deny that U.S. Patents 5,516,925 and 6,716,814 are owned by Albion, or

that Albion is an indispensable party that has not been joined in this action. Lannett even

acknowledges that Counts I and II as they pertain to the Albion patents should be dismissed on

this basis. Yet, Lannett has not filed any paper with the Court withdrawing such claims. Instead,

Lannett asserts that the parties have stipulated to the dismissal of Counts I and II as they pertain

to the Albion patents and that KV's Motion to Dismiss on this point is therefore moot. While

Lannett has represented to KV that it does not intend to pursue its claims on the two Albion

patents, Lannett has never provided KV with a copy of such a proposed stipulation.[2] Lannett's

informal representation that it will not be pursuing the Albion patents is not a basis to deny KV's

motion to dismiss and leave the Albion patents in the suit.

---

infringement suit based on improper use of KV's brand names); <u>Ethex Corp. v. First Horizon Pharm. Corp.</u>, 228 F. Supp. 2d 1048 (E.D. Mo. 2002) (false advertising and unfair competition).
[2]    After reading in Lannett's Opposition Brief that "[t]he parties have stipulated to those claims of Lannett's Amended Complaint that seek to invalidate those patents owned by Albion," KV immediately requested that Lannett provide a form of stipulation, but Lannett still has not done so.

**III.    COUNT 4 OF THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE LANNETT HAS NOT DEFINED THE RELEVANT MARKET WITH REFERENCE TO COMPARABLE PRODUCTS OR OTHER FACTORS PERTAINING TO CROSS-ELASTICITY OF DEMAND**

It is Lannett's burden to plead a proper antitrust market by distinguishing among products and referring to the rule of reasonable interchangeability and cross-elasticity of demand. See Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d 430, 436 (3d Cir. 1997); B.V. Optische Industrie de Oude Delft, Oldelft N.V. v. Hologic, Inc., 909 F. Supp. 162, 172 & n.7 (S.D.N.Y. 1995) ("[P]laintiffs' complaint should allege facts regarding substitute products, and distinguish among comparable products.").

Lannett's Opposition Brief appears to acknowledge its burden to properly define the relevant market (D.I. 69 at 13-14), but argues instead that the market for "the multivitamin/mineral product containing omega-3 fatty acids for prenatal and postnatal support" is a market of appropriate breadth, and that in any event, the appropriate market is a question of fact for the jury. Lannett's argument begs the question, because the issue is not whether Lannett defined a market of appropriate breadth, but rather if Lannett has properly defined a market at all. "If a complaint fails to allege facts regarding substitute products, to distinguish among apparently comparable products, or to allege other pertinent facts relating to cross-elasticity of demand . . . a court may grant a Rule 12(b)(6) motion." Re-Alco Indus. v. Nat'l Ctr. For Health Educ., 812 F.Supp. 387, 391-92 (S.D.N.Y. 1993) (holding that "[p]laintiff has made no showing why 'Growing Healthy' materials should be considered a market unto themselves, as distinguished from the market suggested by defendants – all health education materials for elementary schools. Plaintiff's Amended Complaint fails to discuss . . . any relevant differences in demand, and therefore fails to state a claim."); see also B.V. Optische, 909 F. Supp. at 172 ("Indeed, without pleadings from plaintiffs asserting otherwise, it appears to the Court that chest

5

equalization radiography is not an independent product market, but rather part of the overall X-ray market. The Court's hesitancy to make such an assessment in this highly technical field is precisely why there is ample case authority requiring antitrust plaintiffs to plead interchangeability.").

Lannett's Amended Complaint fails to allege that the relevant market includes only those prenatal and postnatal vitamins containing <u>omega-3</u> fatty acids (as opposed to all prenatal and postnatal vitamins), or to allege any differences or absence of differences in demand between and among such products and comparable substitutes. Lannett has therefore failed to properly define the relevant market and Count 4 of its amended complaint should be dismissed.

## IV. LANNETT HAS FAILED TO STATE A WALKER PROCESS CLAIM

### A. KV's Brief Silence Cannot Reasonably by Interpreted as an "Attempt at Enforcement"

Lannett does not allege that KV took any action to enforce its patents prior to Lannett filing its Amended Complaint. Further, Lannett does not deny that it first "sought assurances" mere hours before filing its original complaint, which contains essentially the same exact antitrust allegation as the Amended Complaint filed just four days later. Rather, Lannett asserts that based on KV's silence over the course of those few hours (or at most four days), "Lannett reasonably interpreted this silence as a threat to enforce the patents." This assertion is incredulous. It is clearly unreasonable to interpret a patentee's silence for a few hours, or even for four days, as a "threat to enforce" its patents, particularly when the patentee had never previously asserted its patents and was not even previously aware of the product at issue. Not surprisingly, none of the cases cited by Lannett support such a proposition. In any event, reasonable or not, Lannett's interpretation of KV's silence does not transform it into a legally cognizable attempt of enforcement sufficient to satisfy the attempted enforcement prong of a

6

Walker Process claim. See Unitherm Food Sys. V. Swift Eckrich, Inc., 375 F.3d 1341, 1358

(Fed. Cir. 2004) ("if the patentee has done nothing but obtain a patent in a manner that the

plaintiff believes is fraudulent, the courts lack jurisdiction to entertain . . . a *Walker Process*

claim."), rev'd on other grounds 546 U.S. 394 (2006); In re Netflix Antitrust Litig., 506 F. Supp.

2d 308, 317-19 (N.D. Cal. 2007) ("Enforcement requires some affirmative act which is lacking

in the pleadings.").

B.    **Lannett has Failed to Plead Antitrust Damages Because it Has Not Alleged
that the '609 Patent Caused it to Suffer Damages that it Would Not
Otherwise Have Suffered From the '666 Patent, Of Which it Has
Acknowledged Infringement**

Lannett does not allege that either the '846 patent or the '666 patent were obtained by

fraud or that those procurement of those patents give rise to its Walker Process claim. Rather,

Lannett's claim is based solely on its allegation that the later issued '609 patent was fraudulently

procured, and that as a result, "Lannett stands to lose substantial sales of its Multivitamin With

Mineral Capsules for prenatal and postnatal support." But a plaintiff alleging a violation of

Section 2 of the Sherman Act must establish a causal connection between the alleged injury and

defendant's allegedly illegal acts. Merck & Co. Apotex, Inc., 488 F. Supp. 2d 418, 429-30 (D.

Del. 2007) (holding that plaintiff failed to allege antitrust injury when claimed injury—delayed

entry into the market—resulted from circumstances separate from alleged unlawful conduct),

aff'd in relevant part, No. 2007-1362, 2008 U.S. App. LEXIS 15014 at *13 (Fed. Cir. July 16,

2008); In Re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2nd Cir. 2006) (finding no

antitrust injury where the alleged injury would have resulted even in the absence of the antitrust

violation, because of the existence of patents preventing market entry). Here, Lannett fails to

plead why the '846 and the '666 patents (which are not the subject of its Walker Process claim)

would not have independently prevented Lannett from lawfully selling its Multivitamin product.

7

Indeed, Lannett does not contest that its Multivitamin product infringes the '666 patent. Therefore, regardless of whether the '609 patent was procured through fraud, Lannett would not have been able to legally sell its Multivitamin product. Accordingly, it cannot be said that Lannett has pled an antitrust injury caused by the alleged wrongdoing.

**V.    COUNT 5 OF LANNETT'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE LANNETT FAILS TO ALLEGE HOW IT HAS BEEN HARMED BY KV'S REPRESENTATION THAT PRIMACARE ONE® IS COVERED BY THE '609 PATENT**

Count 5 of Lannett's Amended Complaint alleging violation of Delaware's Deceptive Trade Practices Act ("DDTPA") states merely that KV has represented and advertised that PrimaCare ONE® is covered by the '609 patent and that Lannett has suffered economic injury as a result. However, there is no dispute that KV also advertises that PrimaCare ONE® is covered by the '666 patent and that such advertising does not violate the DDTPA. Lannett fails to (and cannot) allege that that it suffered an economic injury separate and apart from that which it may have otherwise suffered as a result of the legitimate advertising by KV that PrimaCare ONE® is patent protected. Accordingly, Count 5 of the Amended Complaint fails to state a claim upon which relief can be granted.

**VI.    CONCLUSION**

For the reasons stated above, as well as those stated in its opening papers, KV's motion to dismiss Counts 1-5 of Lannett's Amended Complaint should be granted and the Court should realign KV as plaintiff and Lannett as defendant in connection with KV's pending Counterclaim.

8

*Of counsel*

Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY  10004
(212) 425-7200


Dated:  August 11, 2008

*Anne Shea Gaza*

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700


*Attorneys for Defendants/Counterclaim-*
*Plaintiffs KV Pharmaceutical Company, Ther-*
*Rx Corp., and Drugtech Corp.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Sophia Siddiqui
> Fox Rothschild LLP
> 919 Market Street, Suite 1300
> P. O. Box 2323
> Wilmington, DE   19899-2323

I hereby certify that on  August 11, 2008, I sent by electronic mail the foregoing document to the following non-registered participants:

> Ross J. Oehler
> Alfred J. Monte
> Fox Rothschild LLP
> 10 Sentry Parkway, Suite 200
> P.O. Box 3001
> Blue Bell, PA  19422

Anne Shea Gaza (#4093)
gaza@rlf.com

RLF1-3304400-1

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KV PHARMACEUTICAL COMPANY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| KVK-TECH, INC., | ) | |
| Serve at:  110 Terry Drive, Suite 200 | ) | |
| Newtown, PA 18940 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT

This is an action for trade name infringement and unfair competition under the Lanham Act, unfair competition under Missouri common law, and dilution under Missouri statutory law. Plaintiff KV Pharmaceutical Company ("Plaintiff" or "KV") is seeking a permanent injunction, damages, profits, treble damages or profits, attorneys' fees, and costs.  Plaintiff, appearing through its undersigned counsel, alleges as follows:

## PARTIES

1.      Plaintiff is a Delaware corporation with its principal place of business at 2503 South Hanley Road, St. Louis, Missouri 63144-2555.  Plaintiff is incorporated under the name "K-V Pharmaceutical Company" and uses the trade name "KV Pharmaceutical Company."

2.      Upon information and belief, Defendant KVK-Tech, Inc. ("Defendant" or "KVK") is a Pennsylvania corporation with its principal place of business at 110 Terry Drive, Suite 200, Newtown, Pennsylvania 18940.

**JURISDICTION AND VENUE**

3.     This is a claim for damages and injunctive relief for unfair competition under the

Lanham Act, 15 U.S.C. § 1125(a), et seq., for unfair competition under Missouri common law,

and for dilution under the Missouri Dilution Statute, Mo. Stat. § 417.061(1).

4.     The Court has subject matter jurisdiction over this action pursuant to the Lanham

Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

5.     This Court has supplemental jurisdiction over the claims in this Complaint which

arise under the statutory and common law of the State of Missouri pursuant to 28 U.S.C. §

1367(a) and 28 U.S.C. § 1338(b), since the state law claims are so related to the federal claims

that they form part of the same case or controversy and derive from a common nucleus of

operative facts.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant

transacts business within this judicial district, and the acts complained of herein that have caused

and are continuing to cause injury to Plaintiff have occurred and are continuing to occur within

this judicial district.

**PLAINTIFF'S DISTINCTIVE KV TRADE NAME**

7.     KV is a recognized leader in the manufacture and sale of generic and branded

pharmaceuticals and the development of drug delivery technologies.  KV markets and distributes

its product lines through its three subsidiary companies: Ther-Rx Corporation (branded

pharmaceuticals), ETHEX Corporation (generic pharmaceuticals), and Particle Dynamics, Inc.

(drug delivery technologies).

8.      KV was founded in 1942 and has used the distinctive trade name "KV Pharmaceutical" (the "KV Trade Name") to identify itself in commerce for over 50 years.

9.      KV is a contract researcher and manufacturer for major pharmaceutical companies.  In the early 1950s, KV began developing and patenting drug delivery technologies such as extended-release and coating technologies.  In the 1970s, KV enhanced its business by developing raw materials for the pharmaceutical, nutritional, and personal markets.  KV began producing generic drugs in the early 1990s.  In 1999, KV established its subsidiary Ther-Rx Corporation to market branded pharmaceutical products manufactured by KV.

10.      KV is today a full-fledged pharmaceutical company which obtains over 90% of its revenues from the sale of pharmaceutical products.

11.      KV is widely regarded as one of the best-run and most admired small companies in America.  In 2004, KV was listed in Forbes Magazine's list of "America's 200 Best Small Companies."  KV uses the ticker symbols "KVA" and "KVB" to identify its two classes of publicly traded stock.

12.      KV's revenues have increased every year for twelve straight years and have doubled over the last five years.  In fiscal year 2007, Plaintiff's unaudited gross revenues from the sale of pharmaceutical products were approximately $424.5 million.  Plaintiff's total gross revenues from fiscal years 2001-2007 are over $1.8 billion.

13.      Plaintiff, through its subsidiaries ETHEX  and Ther-Rx, has widely advertised itself as a manufacturer and seller of pharmaceutical products and drug delivery technologies.

- 3 -

14.     Plaintiff prominently displays the KV Trade Name on its web site, on its letterhead, in press releases, on its employees' business cards, on the packaging and inserts for ETHEX and Ther-Rx products, and on promotional and marketing material.

15.     Plaintiff's KV Trade Name serves as a unique identifier of Plaintiff's products among the general public, including consumers in the pharmaceuticals market, and serves to distinguish Plaintiff's products from its competitors' products.

16.     As a result of Plaintiff's longtime use, substantial sales, and significant promotional efforts for Plaintiff's pharmaceutical products, Plaintiff's KV Trade Name has become well known to the pharmaceutical industry and the general public throughout the United States.

17.     Plaintiff's KV Trade Name has achieved a secondary meaning in the market place among pharmaceutical customers and the general public identifying Plaintiff as the sole source of its goods.  Customers and members of the general public throughout the United States have come to recognize the KV Trade Name and to associate the KV Trade Name exclusively with Plaintiff and Plaintiff 's goods.  Plaintiff's KV Trade Name is a business asset of substantial value to Plaintiff.

**DEFENDANT'S USE OF KVK AS A TRADE NAME AND TRADEMARK**

18.     Upon information and belief, Defendant is in the business of developing, manufacturing, and marketing generic and proprietary pharmaceuticals.

19.     Defendant uses the trade name "KVK-TECH."  Upon information and belief, Defendant began using this trade name no earlier than 2002, long after Plaintiff's first use of the KV Trade Name.

20.     Defendant promotes and sells its pharmaceutical products under the trademark KVK.  Upon information and belief, Defendant began commercially using this trademark no earlier than 2002, long after Plaintiff's first use of the KV Trade Name.

21.     Defendant's pharmaceutical products compete directly in the same market with Plaintiff's pharmaceutical products and are marketed and sold to the same consumers as Plaintiff's pharmaceutical products.

22.     Defendant is actively promoting its pharmaceutical products on the Internet using the domain names www.kvktech.com, www.kvk-tech.com, and www.kvkresearch.com. Plaintiff's URL address is www.kvpharmaceutical.com.

## COUNT I -  UNFAIR COMPETITION UNDER THE LANHAM ACT

23.     Plaintiff repeats and realleges paragraphs 1 through 22 above, as if fully set forth herein.

24.     Plaintiff's continuous and substantially exclusive use of Plaintiff's KV Trade Name in the pharmaceutical field for over 50 years has established a strong association between Plaintiff and the KV Trade Name in the minds of customers and the general public.

25.     Without Plaintiff's permission, Defendant has adopted and is continuing to use the trade name "KVK-TECH" in the same field of business in which Plaintiff uses the KV Trade Name.

26.     Without Plaintiff's permission, Defendant has adopted and is continuing to use the KVK trademark on its pharmaceutical products, and is advertising and promoting to the general public its goods under the KVK trademark.

- 5 -

27.     Upon information and belief, Defendant has sold, advertised, transported and distributed, or caused to be distributed, directly or indirectly, its pharmaceutical products bearing the KVK trademark in interstate commerce, including to customers located in Missouri. Defendant represents on its web site that its products are available throughout the United States.

28.     As a direct consequence of Defendant's actions, Plaintiff's customers, potential customers, and the general public have been and are likely to continue to be mistaken, deceived or confused into believing that Defendant's products were made by, licensed by, sponsored by, endorsed by, approved by, authorized by, or otherwise affiliated with Plaintiff.

29.     Upon information and belief, Defendant adopted and is currently using the KVK trademark and the trade name "KVK-TECH" with full knowledge of Plaintiff's rights and with the intent to deceive, mislead and confuse customers and the public into believing that KV is the source of Defendant's pharmaceutical products, or that Defendant's pharmaceutical products are sponsored by, endorsed by, licensed by, or affiliated with KV so as to enable Defendant to take advantage of Plaintiff's KV Trade Name and the substantial fame, reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's KV Trade Name.

30.     Defendant's use of the KVK trademark in connection with Defendant's pharmaceutical products constitutes unfair competition and false representation as to source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

31.     Defendant's use of the trade name "KVK-TECH" constitutes unfair competition and false representation as to source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

- 6 -

32.     As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive relief and damages.

### COUNT II - UNFAIR COMPETITION UNDER MISSOURI LAW

33.     Plaintiff repeats and re-alleges paragraphs 1 through 32 above, as if fully set forth herein.

34.     Plaintiff's KV Trade Name has acquired a secondary meaning and significance that serves to identify Plaintiff and distinguish Plaintiff's products from those of others.

35.     Defendant has unfairly used a simulation of Plaintiff's KV Trade Name with fraudulent intent and to the prejudice of Plaintiff's interests.

36.     Defendant's actions are likely to cause confusion as to the source of Defendant's goods and are likely to lead the public to believe that Defendant and/or Defendant's pharmaceutical products are in some way connected with Plaintiff.

37.     Defendant's actions constitute intentional and willful unfair methods of competition, and palming off in violation of the common law of Missouri.

38.     As a direct and proximate result of Defendant's unfair competitive acts in contravention of Missouri common law, Plaintiff has been injured and damaged, and is entitled to injunctive relief and to recover actual damages, as well as attorneys' fees and costs incurred in this litigation.

### COUNT III - VIOLATION OF MISSOURI DILUTION STATUTE (§ 417.061(1))

39.     Plaintiff repeats and re-alleges Paragraphs 1 through 38 above, as if set forth fully herein.

- 7 -

23235232\V-2

40.     As a result of the sales, advertising, promotion, and distribution referenced herein, Plaintiff's KV Trade Name is a distinctive trade name in the State of Missouri.

41.     Defendant's unauthorized use of the KVK trademark and the "KVK-TECH" trade name has caused and is likely to continue to cause injury to Plaintiff's business reputation in the State of Missouri pursuant to § 417.061(1).

42.     Defendant's unauthorized use of the KVK trademark and the "KVK-TECH" trade name has caused dilution of the distinctive quality of Plaintiff's KV Trade Name and is likely to continue to cause dilution of the distinctive quality of Plaintiff's KV Trade Name in the State of Missouri.

43.     As a direct and proximate result of Defendant's actions, Plaintiff has been injured and damaged, and is entitled to injunctive relief.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and grant the following relief:

A.     An injunction enjoining Defendant and its officers, directors, employees, subsidiaries or affiliates from using the trademark KVK, the trade name KVK-TECH, or any other mark, logo, trade name, business name, or other indication of source that is confusingly similar to Plaintiff's KV Trade Name and to change their corporate name and website name to ensure that it is not confusingly similar to Plaintiff's KV Trade Name;

B.     An injunction enjoining Defendant from selling, advertising or promoting any of its products that infringe and/or dilute Plaintiff's KV Trade Name;

C.     That Plaintiff be awarded its actual damages and lost profits in an amount to be proven at trial;

D.     That Defendant be required to account for any profits attributable to their infringing acts;

E.     That Plaintiff be awarded the greater of three times Defendant's profits and three times any damages sustained by Plaintiff, and prejudgment interest;

F.     That punitive damages be awarded to Plaintiff;

G.     That all products, labels, signs, prints, packages, wrappers, receptacles, letterhead and advertisements in the possession of Defendant bearing any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation of the Lanham Act, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all other means of making the same, shall be delivered up by Defendant and destroyed;

H.     That pursuant to 15 U.S.C. § 1116, Defendant file and serve a report under oath within thirty days of the issuance of injunctive relief indicating the manner in which it has complied with any injunctive relief ordered by the Court;

I.     That Plaintiff be awarded its reasonable attorneys' fees in prosecuting this action; and

J.     That Plaintiff be granted such other and further relief which the Court deems just and proper.

23235232\V-2

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP


BY_____ /s/ Stephen H. Rovak_____
    Stephen H. Rovak - 4218
    Justine N. Margolis - 533404
    One Metropolitan Square, Suite 3000
    St. Louis, MO  63102-2741
    (314) 241-1800
    (314) 259-5959 (fax)

BUCHANAN INGERSOLL & ROONEY, PC
    Bassam N. Ibrahim *(pro hac to be filed)*
    S. Lloyd Smith *(pro hac to be filed)*
    Bryce J. Maynard *(pro hac to be filed)*
    1737 King Street, Suite 500
    Alexandria, Virginia 22314-2756
    703-836-6620
    703-836-2021 (fax)

BUCHANAN INGERSOLL & ROONEY, PC
    Constance Huttner *(pro hac to be filed)*
    One Chase Manhattan Plaza, 35th Floor
    New York, New York 10005
    (212) 440-4426
    (212) 440-4401 (fax)

*Attorneys for Plaintiff KV Pharmaceutical Company*


November 20, 2007

- 10 -

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KV PHARMACEUTICAL COMPANY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| KVD PHARMA, INC., | ) | |
| Serve at:   131 Chambers Brook Rd. | ) | |
|         Somerville, NJ 08876 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT

This is an action for trade name infringement and unfair competition under the Lanham Act, unfair competition under Missouri common law, and dilution under Missouri statutory law. Plaintiff KV Pharmaceutical Company ("Plaintiff" or "KV") is seeking a permanent injunction, damages, profits, treble damages or profits, attorneys' fees, and costs. Plaintiff, appearing through its undersigned counsel, alleges as follows:

## PARTIES

1.     Plaintiff is a Delaware Corporation with its principal place of business at 2503 South Hanley Road,  St. Louis, Missouri 63144-2555.  Plaintiff is incorporated under the name "K-V Pharmaceutical Company" but uses the trade name "KV Pharmaceutical Company."

2.     Upon information and belief, Defendant KVD Pharma, Inc. ("Defendant" or "KVD") is a New Jersey Corporation with its principal place of business at 131 Chambers Brook Rd., Somerville, New Jersey 08876.

**JURISDICTION AND VENUE**

3.      This is a claim for damages and injunctive relief for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), et seq., for unfair competition under Missouri common law, and for dilution under the Missouri Dilution Statute, Mo. Stat. §417.061(1).

4.      The Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

5.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common law of the State of Missouri pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1338(b), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business within this judicial district, and the acts complained of herein that have caused and are continuing to cause injury to Plaintiff have occurred and are continuing to occur within this judicial district.

**PLAINTIFF'S DISTINCTIVE KV TRADE NAME**

7.      KV is a recognized leader in the manufacture and sale of generic and branded pharmaceuticals and the development of drug delivery technologies.  KV markets and distributes its product lines through its three subsidiary companies: Ther-Rx Corporation (branded pharmaceuticals), ETHEX Corporation (generic pharmaceuticals), and Particle Dynamics, Inc. (drug delivery technologies).

8.      KV was founded in 1942 and has used the distinctive trade name "KV Pharmaceutical" (the "KV Trade Name") to identify itself in commerce for over 50 years.

- 2 -

9.      KV was founded in 1942 in St. Louis, Missouri as a contract researcher and manufacturer for major pharmaceutical companies.  In the early 1950s, KV began developing and patenting drug delivery technologies such as extended-release and coating technologies.  In the 1970s, KV enhanced its business by developing raw materials for the pharmaceutical, nutritional, and personal markets.  KV began producing generic drugs in the early 1990s.  In 1999, KV established its subsidiary Ther-Rx Corporation to market branded pharmaceutical products manufactured by KV.

10.      KV is today a full-fledged pharmaceutical company which obtains over 90% of its revenues from the sale of pharmaceutical products.

11.      KV is widely regarded as one of the best-run and most admired small companies in America.  In 2004, KV was listed in Forbes Magazine's list of "America's 200 Best Small Companies."  KV uses the ticker symbols "KVA" and "KVB" to identify its two classes of publicly traded stock.

12.      KV's revenues have increased every year for twelve straight years and have doubled over the last five years.  In fiscal year 2007, Plaintiff's unaudited gross revenues from the sale of pharmaceutical products were approximately $424.5 million.  Plaintiff's total gross revenues from fiscal years 2001-2007 are over $1.8 billion.

13.      Plaintiff, through its subsidiaries ETHEX  and Ther-Rx, has widely advertised itself as a manufacturer and seller of pharmaceutical products and drug delivery technologies.

14.      Plaintiff prominently displays the KV Trade Name on its web site, on its letterhead, in press releases, on its employees' business cards, on the packaging and inserts for ETHEX and Ther-Rx products, and on promotional and marketing material.

15.     Plaintiff's KV Trade Name serves as a unique identifier of Plaintiff's products among the general public, including consumers in the pharmaceuticals market, and serves to distinguish Plaintiff's products from its competitors' products.

16.     As a result of Plaintiff's longtime use, substantial sales, and significant promotional efforts for Plaintiff's pharmaceutical products, Plaintiff's KV Trade Name has become well known to the pharmaceutical industry and the general public throughout the United States.

17.     Plaintiff's KV Trade Name has achieved a secondary meaning in the market place among pharmaceutical customers and the general public identifying Plaintiff as the sole source of its goods.  Customers and members of the general public throughout the United States have come to recognize the KV Trade Name and to associate the KV Trade Name exclusively with Plaintiff and Plaintiff's goods.  Plaintiff's KV Trade Name is a business asset of substantial value to Plaintiff.

## DEFENDANT'S USE OF KVD AS A TRADE NAME AND TRADEMARK

18.     Upon information and belief, Defendant is in the business of manufacturing and selling pharmaceuticals.

19.     Defendant uses the trade name "KVD Pharma."  Upon information and belief, Defendant began using this trade name no earlier than 2004, long after Plaintiff's first use of the KV Trade Name.

20.     Defendant promotes and sells its pharmaceutical products under the trademark KVD.  Upon information and belief, Defendant began commercially using this trademark no earlier than 2006, long after Plaintiff's first use of the KV Trade Name.  Plaintiff became aware of Defendant's use of KVD thereafter.

- 4 -

21.     Defendant's pharmaceutical products compete directly in the same market with Plaintiff's pharmaceutical products and are marketed and sold to the same consumers as Plaintiff's pharmaceutical products.

22.     Defendant is actively promoting its pharmaceutical products on the Internet using the URL address www.kvdpharma.com.  Plaintiff's URL address is www.kvpharmaceutical.com.

## COUNT I -  UNFAIR COMPETITION UNDER THE LANHAM ACT

23.     Plaintiff repeats and realleges paragraphs 1 through 22 above, as if fully set forth herein.

24.     Plaintiff's continuous and substantially exclusive use of Plaintiff's KV Trade Name in the pharmaceutical field for over 50 years has established a strong association between Plaintiff and the KV Trade Name in the minds of customers and the general public.

25.     Without Plaintiff's permission, Defendant has adopted and is continuing to use the trade name "KVD Pharma" in the same field of business in which Plaintiff uses the KV Trade Name.

26.     Without Plaintiff's permission, Defendant has adopted and is continuing to use the KVD trademark on its pharmaceutical products, and is advertising and promoting to the general public its goods under the KVD trademark.

27.     Upon information and belief, Defendant has sold, advertised, transported and distributed, or caused to be distributed, directly or indirectly, its pharmaceutical products bearing the KVD trademark in interstate commerce, including to customers located in Missouri.

28.     As a direct consequence of Defendant's actions, Plaintiff's customers, potential customers, and the general public have been and are likely to continue to be mistaken, deceived

or confused into believing that Defendant's products were made by, licensed by, sponsored by, endorsed by, approved by, authorized by, or otherwise affiliated with Plaintiff.

29.    Upon information and belief, Defendant adopted and is currently using the KVD trademark and the trade name "KVD Pharma" with full knowledge of Plaintiff's rights and with the intent to deceive, mislead and confuse customers and the public into believing that KV is the source of Defendant's pharmaceutical products, or that Defendant's pharmaceutical products are sponsored by, endorsed by, licensed by, or affiliated with KV so as to enable Defendant to take advantage of Plaintiff's KV Trade Name and the substantial fame, reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's KV Trade Name.

30.    Defendant's use of the KVD trademark in connection with Defendant's pharmaceutical products constitutes unfair competition and false representation as to source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

31.    Defendant's use of the trade name "KVD Pharma" constitutes unfair competition and false representation as to source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

32.    As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive relief and damages.

## COUNT II - UNFAIR COMPETITION UNDER MISSOURI LAW

33.    Plaintiff repeats and re-alleges paragraphs 1 through 32 above, as if fully set forth herein.

34.    Plaintiff's KV Trade Name has acquired a secondary meaning and significance that serves to identify Plaintiff and distinguish Plaintiff's products from those of others.

35.    Defendant has unfairly used a simulation of Plaintiff's KV Trade Name with fraudulent intent and to the prejudice of Plaintiff's interests.

36.    Defendant's actions are likely to cause confusion as to the source of Defendant's goods and are likely to lead the public to believe that Defendant and/or Defendant's pharmaceutical products are in some way connected with Plaintiff.

37.    Defendant's actions constitute intentional and willful unfair methods of competition, and palming off in violation of the common law of Missouri.

38.    As a direct and proximate result of Defendant's unfair competitive acts in contravention of Missouri common law, Plaintiff has been injured and damaged, and is entitled to injunctive relief and to recover actual damages, as well as attorneys' fees and costs incurred in this litigation.

## COUNT III -  VIOLATION OF MISSOURI DILUTION STATUTE (§417.061(1))

39.    Plaintiff repeats and re-alleges Paragraphs 1 through 38 above, as if set forth fully herein.

40.    As a result of the sales, advertising, promotion, and distribution referenced herein, Plaintiff's KV Trade Name is a distinctive trade name in the State of Missouri.

41.    Defendant's unauthorized use of the KVD trademark and the "KVD Pharma" trade name has caused injury to Plaintiff's business reputation and is likely to continue to cause injury to Plaintiff's business reputation in the State of Missouri pursuant to § 417.061(1).

42.    Defendant's unauthorized use of the KVD trademark and the "KVD Pharma" trade name has caused dilution of the distinctive quality of Plaintiff's KV Trade Name and is likely to continue to cause dilution of the distinctive quality of Plaintiff's KV Trade Name in the State of Missouri.

23227799\V-1

43.    As a direct and proximate result of Defendant's actions, Plaintiff has been injured and damaged, and is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and grant the following relief:

A.    An injunction enjoining Defendant and its officers, directors, employees, subsidiaries or affiliates from using Plaintiff's KV Trade Name or any other mark, logo, trade name, business name, or other indication of source that is confusingly similar to Plaintiff's KV Trade Name and to change their corporate name and website name to ensure that it is not confusingly similar to Plaintiff's KV Trade Name;

B.    An injunction enjoining Defendant from selling, advertising or promoting any of its products that infringe and/or dilute Plaintiff's KV Trade Name;

C.    That Plaintiff be awarded its actual damages and lost profits in an amount to be proven at trial;

D.    That Defendant be required to account for any profits attributable to their infringing acts;

E.    That Plaintiff be awarded the greater of three times Defendant's profits and three times any damages sustained by Plaintiff, and prejudgment interest;

F.    That punitive damages be awarded to Plaintiff;

G.    That all products, labels, signs, prints, packages, wrappers, receptacles, letterhead and advertisements in the possession of Defendant bearing any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation

of the Lanham Act, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all other means of making the same, shall be delivered up by Defendant and destroyed;

H.      That pursuant to 15 U.S.C. § 1116, Defendant file and serve a report under oath within thirty days of the issuance of injunctive relief indicating the manner in which it has complied with any injunctive relief ordered by the Court;

I.      That Plaintiff be awarded its reasonable attorneys' fees in prosecuting this action; and

J.      That Plaintiff be granted such other and further relief which the Court deems just and proper.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP


By _____/s/ Stephen H. Rovak_____
      Stephen H. Rovak - 4218
      Justine N. Margolis - 533404
      One Metropolitan Square, Suite 3000
      St. Louis, MO 63102-2741
      (314) 241-1800
      (314) 259-5959 (fax)

BUCHANAN INGERSOLL & ROONEY, PC
      Bassam N. Ibrahim *(pro hac admission to be filed)*
      S. Lloyd Smith *(pro hac admission to be filed)*
      Bryce J. Maynard *(pro hac admission to be filed)*
      1737 King Street, Suite 500
      Alexandria, Virginia 22314-2756
      703-836-6620
      703-836-2021 (fax)

BUCHANAN INGERSOLL & ROONEY, PC
      Constance Huttner *(pro hac admission to be filed)*
      One Chase Manhattan Plaza, 35th Floor
      New York, New York 10005
      (212) 440-4426
      (212) 440-4401 (fax)

*Attorneys for Plaintiff KV Pharmaceutical Company*

Dated: August 2, 2007

- 10 -