IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANNETT COMPANY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> KV PHARMACEUTICALS, DRUGTECH CORPORATION, and THER-RX CORPORATION, <br><br> *Defendants*. | C. A. No. 08-338-JJF <br><br> JURY TRIAL DEMANDED |
| KV PHARMACEUTICAL COMPANY, THER-RX CORP., and DRUGTECH CORP., <br><br> *Counterclaim-Plaintiffs*, <br><br> v. <br><br> LANNETT COMPANY, INC., <br><br> *Counterclaim-Defendant*. | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS/COUNTERCLAIM-PLAINTIFFS' MOTION TO STRIKE PLAINTIFF/COUNTERCLAIM-DEFENDANT LANNETT'S INEQUITABLE CONDUCT DEFENSE**

*Of counsel*:
Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com
gaza@rlf.com
*Attorneys for Defendants/Counterclaim-Plaintiffs KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp.*

## TABLE OF CONTENTS

                                                                                                                     **Page**

I. INTRODUCTION ................................................................................................. 1

II. THE ALLEGED WITHHOLDING OF PRIOR ART DURING PROSECUTION OF THE '609 PATENT CANNOT FORM THE BASIS OF A FINDING OF INEQUITABLE CONDUCT WITH RESPECT TO '846 AND '666 PATENTS .................................................................. 2

III. KV IS NOT "ON NOTICE" OF LANNETT'S ALLEGATION OF INEQUITABLE CONDUCT ......................................................................... 3

IV. LANNETT'S ARGUMENT THAT KV SHOULD HAVE KNOWN ABOUT A PRIOR ART REFERENCE WHEN IT PROSECUTED THE '846 AND '666 PATENTS WAS NOT PLED AND IS LEGALLY INSUFFICIENT .................................................................................................. 5

V. KV'S MOTION IS NOT PREMATURE AND DISCOVERY IS INAPPROPRIATE ........................................................................................... 6

VI. LANNETT'S REQUEST FOR LEAVE TO AMEND ITS PLEADINGS SHOULD BE DENIED BECAUSE AN AMENDMENT WOULD BE FUTILE ............ 8

VII. CONCLUSION ....................................................................................................... 9

## TABLE OF AUTHORITIES

Page

**Cases**

Alvin v. Suzuki,
    227 F.3d 107 (3d Cir. 2000) .................................................................................................. 8

Burlington Indus., Inc. v. Dayco Corp.,
    849 F.2d 1418 (Fed. Cir. 1988) ............................................................................................... 7

Chiron Corp v. Abbott Labs.,
    156 F.R.D. 219 (N.D. Cal. 1994) ......................................................................................... 6, 7

Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo., Inc.,
    836 F.2d 173 (3d Cir. 1988) .................................................................................................... 5

EMC Corp. v. Storage Tech. Corp.,
    921 F. Supp. 1261 (D. Del. 1996) ........................................................................................... 3

Impax Labs., Inc. v. Aventis Pharms., Inc.,
    468 F.3d 1366 (Fed. Cir. 2006) ............................................................................................... 6

Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.,
    464 F.3d 1339 (Fed. Cir. 2006) ............................................................................................... 8

McKesson Information Solutions, LLC v. Trizetto Group, Inc.,
    No. 04-1258-SLR, 2005 WL 914776 (D. Del. Apr. 20, 2005) ........................................ 3, 4, 5

Med. Graphics Corp. v. Hartford Fire Ins. Co.,
    171 F.R.D. 254 (D. Minn. 1997) ............................................................................................. 8

Nordberg, Inc. v. Telsmith, Inc.,
    82 F.3d 394 (Fed. Cir. 1996) ............................................................................................... 6, 9

Pharmacia Corp. v. Par Pharm., Inc.,
    417 F.3d 1369 (Fed. Cir. 2005) ........................................................................................... 2, 3

SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n,
    718 F.2d 365 (Fed. Cir. 1983) ............................................................................................. 2, 3

Stowe Woodward, L.L.C. v. Sensor Prods.,
    230 F.R.D. 463 (W.D. Va. 2005) ......................................................................................... 6, 7

Venetec International, Inc. v. Nexus Medical, LLC,
    541 F. Supp. 2d 612 (D. Del. 2008) .................................................................................. 3, 4, 5

**Rules**

Fed. R. Civ. P. 15(a) .................................................................................................................. 8

Fed. R. Civ. P. 9(b) .......................................................................................................... 1, 3, 5, 6

I.  **INTRODUCTION**

Defendants/counterclaim-plaintiffs KV Pharmaceutical Company, Ther-Rx Corporation, and Drugtech Corporation (collectively, "KV") respectfully submit this reply memorandum in further support of their motion to strike plaintiff/counterclaim-defendant Lannett Company Inc.'s ("Lannett") fourth affirmative defense of inequitable conduct with respect to U.S. Patents 6,258,846 ("the '846 patent") and 6,576,666 ("the '666 patent") (D.I. 62).

As KV explained in its opening brief, Lannett has not stated – in its Answer or in any other pleading – an act or omission alleged to constitute inequitable conduct with respect to the '846 and '666 patents. Tellingly, Lannett does not dispute that the alleged act of inequitable conduct during prosecution of U.S. Patent 7,112,609 ("the '609 patent") cannot form the basis for a claim of inequitable conduct regarding the earlier issued '846 and '666 patents.

Rather, Lannett's opposition merely rehashes its baseless allegation of inequitable conduct related to the '609 patent, which is not at issue in this motion, and contends that its pleadings put KV "on notice" of Lannett's allegation of inequitable conduct. Lannett further asserts that KV should have known about a certain prior art reference during prosecution of the '846 and '666 patents because the prior art published before issuance of those patents.

Lannett's arguments fail because the notice required by Rule 9(b) for an allegation of inequitable conduct is identification of both the allegedly withheld prior art and the alleged act of fraud before the PTO. With regard to the '846 and '666 patents, Lannett's pleadings are deficient in both respects. Further, as noted, the alleged act of inequitable during the later prosecution of the '609 patent is irrelevant to Lannett's claim of inequitable conduct with respect to the earlier issued '846 and '666 patents. The bald contention that KV <u>should have</u> known about, and therefore should have disclosed, a prior art reference during prosecution of the '846

and '666 patents is unavailing because it was not pled and, in any event, is a legally insufficient basis to support an inequitable conduct defense.

Lannett's alternative request for leave to amend its pleadings should be denied because an amendment would be futile.

## II. THE ALLEGED WITHHOLDING OF PRIOR ART DURING PROSECUTION OF THE '609 PATENT CANNOT FORM THE BASIS OF A FINDING OF INEQUITABLE CONDUCT WITH RESPECT TO '846 AND '666 PATENTS

Lannett acknowledges in its opposition (for the first time) that it relies on the same alleged act of inequitable conduct it pled with regard to the '609 patent for its inequitable conduct defense with regard to the '846 and '666 patents. See D.I. 73-2 at 6-8. But, as explained in KV's opening brief, the argument that inequitable conduct related to prosecution of the '609 patent makes the '846 and '666 patents unenforceable is contrary to law. See D.I. 64 at 5. Since prosecution of the '609 patent occurred after the '846 and '666 patents issued, even if the '609 patent was ultimately found to be unenforceable due inequitable conduct, the earlier issued '846 and '666 patents could not be held unenforceable on this ground. See SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n, 718 F.2d 365, 378-79 (Fed. Cir. 1983) (rejecting as a matter of law the assertion that an inequitable conduct act in a later filed application renders earlier issued patents unenforceable); see also Pharmacia Corp. v. Par Pharm., Inc., 417 F.3d 1369, 1375 (Fed. Cir. 2005) (holding that inequitable conduct as to one patent did not make unenforceable a patent issued before the act of inequitable conduct).

Lannett does not even mention these cases in its opposition, let alone address the fact that they render its theory of inequitable conduct untenable.

2

### III. KV IS NOT "ON NOTICE" OF LANNETT'S ALLEGATION OF INEQUITABLE CONDUCT

Although it ignored SSIH and Pharmacia, it is obvious that Lannett recognizes these cases as fatal to its theory of inequitable conduct. Thus, Lannett alternatively argues that its pleadings are sufficient because they put KV "on notice" of the alleged inequitable conduct. See D.I. 73-2 at 5, 7. Lannett is wrong because, as KV explained in its opening brief, the requisite notice for pleading inequitable conduct based on the withholding of prior art requires identification of the specific prior art withheld. See D.I. 64 at 4-5 (discussing EMC Corp. v. Storage Tech. Corp., 921 F. Supp. 1261, 1263 (D. Del. 1996)). There must also be an allegation that the applicant withheld the prior art with the intent to deceive the PTO. See EMC Corp., 921 F. Supp. at 1263. Here, with respect to the prosecution of the '846 and '666 patents, Lannett provides no such allegation. Thus, Lannett's argument that it has put KV on notice is baseless.

To support its strained argument, Lannett relies heavily upon McKesson Information Solutions, LLC v. Trizetto Group, Inc., No. 04-1258-SLR, 2005 WL 914776 (D. Del. Apr. 20, 2005), and Venetec International, Inc. v. Nexus Medical, LLC, 541 F. Supp. 2d 612 (D. Del. 2008). See D.I. 73-2 at 4-8. These cases do not help Lannett's position and, in fact, demonstrate that it did not comply with the Rule 9(b) pleading requirements.

The issue before the McKesson and Venetec courts was whether an allegation of inequitable conduct was pled with the requisite particularity. In both cases, the courts applied this Court's holding in EMC Corp. that pleadings that disclose the name of allegedly withheld prior art and disclose the acts of the alleged fraud meet the Rule 9(b) requirements. See Venetec, 541 F. Supp. 2d at 618-19; McKesson, 2005 WL 914776, at *3 (both citing EMC, 921 F. Supp. at 1263).

3

The McKesson case concerned the sufficiency of defendant Trizetto's affirmative defense that plaintiff McKesson committed inequitable conduct by, among other things, not disclosing material prior art to the PTO. Because Trizetto identified the particular prior art reference and alleged that McKesson intentionally withheld it from the PTO, the court found Trizetto satisfied the EMC standard for particularity. See McKesson, 2005 WL 914776, at *3.

In Venetec, plaintiff Venetec asserted two patents in its infringement suit and obtained allowance and issuance of a third patent while the litigation was pending. Venetec, upon receiving defendant Nexus Medical's invalidity contentions with respect to the two issued patents, disclosed the same to the PTO in connection with the prosecution of the application for the third patent. Although Venetec disclosed the contentions, which were based on six prior art references, the PTO did not consider them because, at the time of Venetec's disclosure, the third patent had already been allowed. After the third patent issued and Venetec filed a supplemental complaint asserting the third patent, Nexus Medical amended its inequitable conduct counterclaim to include allegations with respect to prosecution of the third patent. The amended counterclaim alleged Venetec committed inequitable conduct by failing to withdraw the application for the third patent from allowance so the PTO could consider the invalidity contentions. Id. at 616-17.

Based on Nexus Medical's specific identification of the information allegedly withheld from the PTO and its allegation that Venetec intended to withhold the information, which Nexus Medical described in 42 paragraphs of its counterclaim, the court held the counterclaim complied with the particularity requirements. See id. at 619-20.

Thus, in each of McKesson and Venetec, the defendant identified the specific materials allegedly withheld from the PTO by the plaintiff with respect to the patent for which the

4

inequitable conduct was alleged. Here, by contrast, with regard to the '846 and '666 patents, Lannett's pleadings disclose neither an allegedly withheld prior art reference nor an act of alleged fraud. Accordingly, McKesson and Venetec do not support Lannett's argument that its pleadings meet the particularity requirement of Rule 9(b).

IV. **LANNETT'S ARGUMENT THAT KV SHOULD HAVE KNOWN ABOUT A PRIOR ART REFERENCE WHEN IT PROSECUTED THE '846 AND '666 PATENTS WAS NOT PLED AND IS LEGALLY INSUFFICIENT**

Lannett also argues that KV should have known about the prior art pertinent to Lannett's inequitable conduct defense to the '609 patent when KV prosecuted the applications for the earlier patents. This is so, according to Lannett, because the piece of prior art was published years before issuance of the '846 and '666 patents and was "easily identifiable and locatable." D.I. 73-2 at 8.[1]

Lannett's argument fails because Lannett did not allege in its Answer or in any other pleading that its claim of inequitable conduct with respect to the '846 and '666 patents was based on this alleged failure to disclose prior art. Lannett cannot use its opposition brief to amend its pleadings. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 181 (3d Cir. 1988) (noting "[i]t is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint" and holding "'the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (citation omitted).

Even if Lannett had made such an allegation in its pleadings, the inequitable conduct defense would not have survived this motion. An applicant's withholding of material prior art

---

[1] Lannett's argument about the availability of the reference is indeed contrary to its claim of inequitable conduct, because the inference that flows from Lannett's characterization is not that the reference was hidden, but rather that the Examiner would have located it in his search (and, based on the fact that the Examiner did not cite it as grounds for rejection, the further (continued...)

5

constitutes inequitable conduct only if the applicant has knowledge of the prior art and the prior art is withheld with an intent to deceive. See Impax Labs., Inc. v. Aventis Pharms., Inc., 468 F.3d 1366, 1374 (Fed. Cir. 2006). Here, Lannett's argument that KV should have known about the prior art, even if true, is wholly insufficient to support a defense of inequitable conduct because actual knowledge of the prior art reference is required. Nordberg, Inc. v. Telsmith, Inc., 82 F.3d 394, 397 (Fed. Cir. 1996) ("[T]he applicant's *actual* knowledge of the reference's existence must be proved.") (emphasis in original).

## V. KV'S MOTION IS NOT PREMATURE AND DISCOVERY IS INAPPROPRIATE

Lannett's final argument is that KV's motion is premature and that Lannett intends to take discovery to develop its claim. D.I. 73-2 at 8-9. This argument is directly contrary to the purpose of the requirement that inequitable conduct be pled with particularity. Specifically, as one court explained, "[t]he heightened pleading requirements of Rule 9(b) are meant to 'deter the filing of charges of fraud as a pretext for discovery of unknown wrongs.' This deterrent purpose is commensurate with the Federal Circuit's demonstrated antipathy towards the defense of inequitable conduct . . . .'" See Stowe Woodward, L.L.C. v. Sensor Prods., 230 F.R.D. 463, 466 (W.D. Va. 2005) (citations omitted); see also Chiron Corp v. Abbott Labs., 156 F.R.D. 219, 221 (N.D. Cal. 1994) ("Vague allegations of inequitable conduct may also be the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble-full of facts. This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter.").

---

inference that the Examiner determined correctly that it was not of much significance to examination of the application).

6

As described by the Stowe court, the heightened pleading requirements of Rule 9(b) developed in response to the Federal Circuit's "antipathy" towards defendants raising the inequitable conduct defense as a matter of course. The Federal Circuit has expressed its aversion as follows:

> [T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of "inequitable conduct in the PTO" is a negative contribution to the rightful administration of justice.

Burlington Indus., Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988).

In this case, it is plain that Lannett does not have a basis for raising its inequitable conduct defense with regard to the '846 and '666 patents. Rather, by making vague allegations and speculating that KV might have known about certain prior art during prosecution of those patents, Lannett apparently hopes to uncover fraud through the discovery process. Its intention to develop an inequitable defense through discovery, however, is not a substitute for pleading the defense with particularity. Cf. Stowe Woodward, 230 F.R.D. at 466; Chiron, 156 F.R.D. at 221. Indeed, Lannett's acknowledgement that discovery is necessary for it to make out its inequitable conduct defense is, in essence, an admission that it did not plead the defense with particularity.

In short, Lannett cannot salvage its improperly pled defense by developing it through discovery.

7

## VI. LANNETT'S REQUEST FOR LEAVE TO AMEND ITS PLEADINGS SHOULD BE DENIED BECAUSE AN AMENDMENT WOULD BE FUTILE

Should the Court find its inequitable defense with respect to the '846 and '666 patents insufficient, Lannett asks for leave to amend its pleadings. D.I. 73-2 at 9. The Court should deny this request because, as just explained, Lannett's allegation (asserted for the first time in its opposition to this motion) could not support a finding of inequitable conduct and is therefore futile.

A court may deny a motion for leave to amend a pleading pursuant to Fed. R. Civ. P. 15(a) if the amendment would be futile. See, e.g., Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V., 464 F.3d 1339, 1353-55 (Fed. Cir. 2006). In the case of a motion for leave to amend an answer, if the amendment would likely result in the answer being stricken pursuant a Rule 12(f) motion, a court should deny leave. See Med. Graphics Corp. v. Hartford Fire Ins. Co., 171 F.R.D. 254, 257 (D. Minn. 1997) (noting that "leave to amend an [a]nswer should be denied if the proposed defenses are legally insufficient . . . so as to invite a motion to strike under Rule 12(f)").

As Lannett acknowledges, its pleadings must disclose both the name of the allegedly withheld prior art and the acts of alleged fraud before the PTO. See D.I. 73-2 at 7. Lannett does not, and cannot, allege that KV knew of a prior art reference or intentionally withheld it from the PTO. Rather, the best Lannett can do is argue that "[a certain prior art reference], which was easily identifiable and locatable, was published on April 10, 1996, more than five (5) years before the '846 Patent was issued and more than seven (7) years before the '666 Patent was issued." Id. at 8. The suggestion that KV could have or should have found the prior art when it prosecuted the '846 and '666 patents is insufficient to support an inequitable conduct defense

8

because it does not allege an act of fraud before the PTO. See Nordberg, 82 F.3d at 397 (holding actual knowledge of the prior art is required).

Since Lannett lacks an adequate basis for its claim of inequitable conduct, granting Lannett leave to amend its pleadings would likely result in the Court later granting a motion by KV strike the amended inequitable conduct defense. Accordingly, the Court should deny Lannett leave to amend.

## VII. CONCLUSION

For the reasons stated above, as well as those stated in its opening papers, KV's motion to strike Lannett's inequitable conduct defense with respect to the '846 and '666 patents should be granted.

*Of Counsel:*

Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY  10004
(212) 425-7200

Dated: August 18, 2008

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants/Counterclaim-Plaintiffs KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp.*

9

RLF1-3313114-1

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Sophia Siddiqui
Fox Rothschild LLP
919 Market Street, Suite 1300
P. O. Box 2323
Wilmington, DE  19899-2323

I hereby certify that on August 18, 2008, I sent by electronic mail the foregoing document to the following non-registered participants:

Ross J. Oehler
Alfred J. Monte
Fox Rothschild LLP
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA  19422

*Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com