IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANNETT COMPANY INC.,<br><br>                      *Plaintiff*,<br>v.<br>KV PHARMACEUTICALS,<br>DRUGTECH CORPORATION, and<br>THER-RX CORPORATION,<br><br>                     *Defendants*.<br><br>KV PHARMACEUTICAL COMPANY,<br>THER-RX CORP., and DRUGTECH<br>CORP.,<br><br>            *Counterclaim-Plaintiffs*,<br>v.<br>LANNETT COMPANY, INC.,<br><br>           *Counterclaim-Defendant*. | C.A. No. 08-338-JJF<br><br>**JURY TRIAL DEMANDED** |

**KV'S ANSWERING BRIEF IN OPPOSITION, IN PART, TO LANNETT'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

*Of counsel*:
Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com
*Attorneys for Defendants/Counterclaim-
Plaintiffs KV Pharmaceutical Company, Ther-
Rx Corp., and Drugtech Corp.*

## TABLE OF CONTENTS

                                                                                                                  Page

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS .................................................. 1

SUMMARY OF ARGUMENT ........................................................................................................ 2

      A.    The Court Should Deny Lannett's Motion for Leave to File Counts 1-3 of the Second Amended Complaint Seeking Declaratory Judgment Because There was No Case or Controversy at the Time Suit was Filed ............................ 2

      B.    Lannett's Proposed Amendment to its Inequitable Conduct Claim in Count 3 to Include the '846 and '666 Patents is Futile ........................................................ 3

      C.    Lannett's Proposed Amendment to the Antitrust Claim in Count 4 is Futile ......... 3

      D.    Lannett's Proposed Addition of New Antitrust Claim in Count 11 is Futile .......... 3

      E.    Lannett's Proposed Amendment to Its Deceptive Trade Practices Act Claim in Count 5 of Lannett's Second Amended Complaint is Futile ............................. 4

STATEMENT OF FACTS ................................................................................................................ 4

ARGUMENT ..................................................................................................................................... 6

I.    LEAVE SHOULD BE DENIED IN PART BECAUSE THE PROPOSED AMENDMENTS TO COUNTS 1-5 OF THE AMENDED COMPLAINT AND THE PROPOSED NEW COUNT 11 ARE FUTILE .................................................... 6

      A.    The Court Should Deny Lannett's Motion for Leave to File Counts 1-3 of the Second Amended Complaint Seeking Declaratory Judgment Because There was No Case or Controversy at the Time Suit was Filed ............................. 7

      B.    Lannett's Proposed Amendment to its Inequitable Conduct Claim in Count 3 to Include the '846 and '666 Patents is Futile ........................................................ 8

      C.    The Proposed Amendment to the Antitrust Claim in Count 4 of Lannett's Amended Complaint is Futile ................................................................................. 9

      D.    Lannett's Proposed Addition of New Antitrust Claim in Count 11 is Futile ........ 10

      E.    Lannett's Proposed Amendment to Its Deceptive Trade Practices Act Claim in Count 5 of Lannett's Second Amended Complaint is Futile ........................... 11

CONCLUSION ................................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.,
    509 U.S. 209 (1993) .................................................................................................... 11

Burlington Indus., Inc. v. Dayco Corp.,
    849 F.2d 1418 (Fed. Cir. 1998) ....................................................................................... 9

Conwood Co. v. U.S. Tobacco Co.
    290 F.3d 768 (6th Cir. 2002) ........................................................................................ 11

EMC Corp. v. Storage Tech. Corp.,
    921 F. Supp. 1261 (D. Del. 1996) ................................................................................... 9

Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC,
    350 F.3d 1327 (Fed. Cir. 2003); ..................................................................................... 9

In re Netflix Antitrust Litig.,
    506 F. Supp. 2d 308 (N.D. Cal. 2007) .......................................................................... 13

Innovative Therapies, Inc. v. Kinetic Concepts, Inc.,
    Civ. No. 07-589-SLR-LPS, 2008 U.S. Dist. LEXIS 53290 (D. Del. July 14, 2008) .......... 8

Keene Corp. v. United States,
    508 U.S. 200S. Ct. 2035, 2040 (1993) ............................................................................ 8

Massarsky v. General Motors Corp.,
    706 F.2d 111 (3d Cir. 1983) ........................................................................... 6, 9, 10, 12

Prasco, LLC v. Medicis Pharmaceutical Corp.,
    Civ. No. 2007-1524, 2008 U.S. App. LEXIS 17329 (Fed. Cir. August 15, 2008) ............ 7

Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.,
    204 F.3d 1368 (Fed. Cir. 2000)). ................................................................................... 13

Spanish Broadcasting System of Florida, Inc., v. Clear Channel Commc'ns, Inc.,
    376 F.3d 1065 (11th Cir. 2004) .................................................................................... 11

Spectrum Sports, Inc. v. McQuillan,
    506 U.S. 447 (1993) ...................................................................................................... 11

**Statutes**

15 U.S.C. § 2 ............................................................................................................................ 10

**Other Authorities**

Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532 .......................................................... 11

**Rules**

Fed. R. Civ. P. 15(a)(2) ..................................................................................................................... 6

Fed. R. Civ. P. 9(b) ...................................................................................................................... 3, 9

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Defendants and counterclaim plaintiffs KV Pharmaceutical Company, Ther-Rx Corporation, and Drugtech Corporation (collectively, "KV") submit this brief in opposition to plaintiff and counterclaim defendant Lannett Company Inc.'s ("Lannett") motion for leave to file a Second Amended Complaint (D.I. 77) with respect to Counts 1, 2, 3, 4, 5 and 11.

Lannett's initial Complaint (D.I. 1) sought a declaratory judgment that three KV patents were invalid and unenforceable, and alleged that KV had violated Section 2 of the Sherman Act and Delaware's unfair competition statute. Lannett's Amended Complaint (D.I. 4) added four more patents, two of which are owned by KV and two by non-party Albion International, Inc. ("Albion").

KV counterclaimed against Lannett for patent infringement (with respect to three of the five patents owned by KV), trademark infringement, false advertising, and unfair competition (D.I. 5), and moved for a temporary restraining order and preliminary injunction (D.I. 6). The Court heard oral argument on June 25, 2008, made rulings from the bench, and entered an Order compelling Lannett to take remedial action with respect to product that it provided to distributors (D.I. 57). Lannett answered KV's counterclaim, asserting numerous affirmative defenses including that at least one of the patents asserted by KV is unenforceable due to inequitable conduct (D.I. 55).

Currently pending (in addition to the instant motion) are KV's motion to dismiss Lannett's Amended Complaint for lack of subject matter jurisdiction, failure to include an indispensable party, and failure to state a claim upon which relief could be granted (D.I. 59), and KV's motion to strike Lannett's inequitable conduct defense with respect to two of the patents asserted by KV in its counterclaim (D.I. 62). As set forth in KV's August 25, 2008 letter to the

1

Court, after KV filed its motion to dismiss, Lannett agreed to a stipulation dismissing its claims of infringement with respect to U.S. Patent 5,516,925 ("the '925 patent") and U.S. Patent 6,716,814 ("the '814 patent"), both of which are owned by non-party Albion. Accordingly, the portion of KV's pending Motion to Dismiss Lannett's Amended Complaint directed to the Albion patents is moot, but the remaining portions of the motion directed to KV's patents and other issues are still pending.

## SUMMARY OF ARGUMENT

**A.    The Court Should Deny Lannett's Motion for Leave to File Counts 1-3 of the Second Amended Complaint Seeking Declaratory Judgment Because There was No Case or Controversy at the Time Suit was Filed**

Just hours before Lannett filed the Complaint in this Lawsuit, its outside counsel sent a letter to KV demanding that it agree to refrain from asserting any claim of patent infringement against Lannett's multivitamin capsule it was about to launch. Prior to receiving this letter, KV had never asserted the patents-in-suit against Lannett, threatened Lannett, or communicated with Lannett regarding its patents. Indeed, prior to receiving the letter, KV had no knowledge that Lannett was planning to launch a knock-off of KV's prescription prenatal supplement PrimaCare ONE.

Accordingly, no controversy sufficient to support claims for declaratory judgment existed at the time Lannett filed suit. Lannett's filing of a Second Amended Complaint months later does not change the fact that jurisdiction did not exist with respect to Counts 1-3 <u>at the time</u> Lannett started this case.

2

### B. Lannett's Proposed Amendment to its Inequitable Conduct Claim in Count 3 to Include the '846 and '666 Patents is Futile

In its proposed Second Amended Complaint, Lannett alleges that KV committed inequitable conduct during prosecution of the '846 and '666 patents. Lannett's allegation with respect to these patents is legally insufficient. Indeed, KV merely alleges that since a prior art reference was "easily identifiable and locatable," KV knew or should have known of its existence and submitted the same to the Unites States Patent Office ("USPTO"). Such an allegation fails to satisfy the requirement of Fed. R. Civ. P. 9(b) that inequitable conduct be pled with particularity.

### C. Lannett's Proposed Amendment to the Antitrust Claim in Count 4 is Futile

Count 4 of Lannett's Amended Complaint attempts to put together a Sherman Act claim, but fails to define a relevant antitrust market and is deficient in its pleading of a <u>Walker Process</u> (or any other) antitrust claim. Specifically, Lannett did not properly define the relevant market with reference to comparable products or other factors pertaining to cross-elasticity of demand. Further, Lannett did not allege that KV attempted to enforce its patents prior to bringing this action and did not properly allege antitrust damages.

### D. Lannett's Proposed Addition of New Antitrust Claim in Count 11 is Futile

Lannett's claim that KV violated Section 2 of the Sherman Act by interfering with <u>Lannett's</u> relationship with a supplier of an iron supplement that could be used in Lannett's multivitamin product is legally insufficient. In order to state a claim for attempted monopolization in violation of Section 2 of the Sherman Act, Lannett must allege (i) that KV has engaged in predatory or anticompetitive conduct, (ii) specific intent to monopolize the relevant market, and (iii) a dangerous probability of achieving monopoly power. However, Count 11 of

3

Lannett's proposed Second Amended Complaint fails to adequately allege facts to establish any of the three required elements of an antitrust violation.

### E. Lannett's Proposed Amendment to Its Deceptive Trade Practices Act Claim in Count 5 of Lannett's Second Amended Complaint is Futile

In Count Five of its proposed Second Amended Complaint, Lannett asserts that KV's alleged promotion of its PrimaCare ONE product as being covered by two expired patents, as well as certain non-expired patents, violates the Deceptive Trade Practices Act. However, there is no dispute that KV advertises that PrimaCare ONE is covered by at least one existing patent. Accordingly, Lannett cannot allege credibly that it suffered an economic injury separate and apart from that which it may have otherwise suffered as a result of legitimate advertising by KV that PrimaCare ONE is patent protected. Further, Lannett's claim that KV's advertising of PrimaCare ONE as being covered by one or more of KV's patents unfairly interferes with Lannett's ability to compete with KV is belied by the fact that Lannett launched and distributed substantial commercial quantities of its product that found its way to distributors and retailers.

### STATEMENT OF FACTS

Lannett's motion for leave to file its Second Amended Complaint states that it seeks, among other things, to "[supplement] facts related to the claims asserted in the First Amended Complaint." However, other than withdrawing its declaratory judgment claims related to the '925 and '814 patents owned by non-party Albion (see D.I. 77-3 ¶¶ 21-23), Lannett's proposed Second Amended Complaint does not overcome the failings set forth in KV's pending motions.

For example, as set forth in KV's pending motion to dismiss (D.I. 60 at 6-10 and D.I. 75 at 1-4), the first and only communication between KV and Lannett concerning the subject matter of this case was a letter Lannett's counsel sent to KV mere hours before it filed the Complaint demanding that KV agree to refrain from asserting any claim of patent infringement against

4

Lannett's multivitamin capsule it was about to launch. Prior to receiving this letter, KV had no idea that Lannett was contemplating launching a multivitamin product into the marketplace. Further, KV had never asserted any of the patents at issue against Lannett. Accordingly, it is clear that no controversy sufficient to support claims for declaratory judgment existed at the time Lannett filed suit. Certainly, Lannett's filing of a Second Amended Complaint months later does not change the fact that jurisdiction did not exist with respect to Counts 1-3 <u>at the time</u> Lannett started this case.

Further, Lannett's proposed Second Amended Complaint seeks to add an allegation of inequitable conduct with respect to the two KV patents that are the subject of KV's pending motion to strike, U.S. Patent 6,258,846 ("the '846 patent") and U.S. Patent 6,576,666 ("the '666 patent"). (<u>See</u> D.I. 77-3 ¶¶ 47-56.) However, the proposed Second Amended Complaint still does not state a cognizable inequitable conduct case with regard to these patents. Specifically, Lannett simply alleges that KV "knew or should have known of the existence of the '539 Application, but did not disclose [the same] to the USPTO" during the prosecution of the '846 and '666 patents. (<u>See</u> <u>id.</u> ¶ 50.) Lannett provides no basis for this allegation other than its claim that the alleged prior art reference was "easily identifiable and locatable." (<u>See</u> <u>id.</u> ¶ 48.)

The Second Amended Complaint also revises the antitrust and Delaware Deceptive Trade Practices claims alleged in Counts 4 and 5 of Lannett's Amended Complaint. (<u>See</u> <u>id.</u> ¶¶ 57-80.) With respect to the antitrust claims in Count 4, Lannett attempts to modify the definition of a relevant antitrust market and assert that the '846 and '666 patents were fraudulently procured. However, as set forth below, the modified definition of the relevant antitrust market is still legally insufficient, and Lannett did not allege that KV attempted to enforce its patents prior to the filing of its Complaint and did not properly allege antitrust damages.

5

With respect to the proposed amended Count 5, Lannett now alleges that KV improperly marked its product with two expired patents, specifically U.S. Patents 4,822,816 ("the '816 patent") and 5,070,085 ("the '085 patent"). However, even assuming Lannett's allegations were true, such a listing did not interfere with Lannett's ability to compete with KV as it did not stop Lannett from launching a competing product. It thus fails to state a claim.

Finally, Lannett seeks to add five claims of alleged commercial disparagement and tortious interference (Counts 6-10), and an additional antitrust claim (Count 11). (See id. ¶¶ 81-133.) While KV denies that Counts 6-10 have any merit, it is not opposing Lannett's motion with respect to them given the low burden required to plead. However, KV does oppose Lannett's motion with respect to Count 11 as Lannett once again fails to properly plead an antitrust claim.

## ARGUMENT

### I. LEAVE SHOULD BE DENIED IN PART BECAUSE THE PROPOSED AMENDMENTS TO COUNTS 1-5 OF THE AMENDED COMPLAINT AND THE PROPOSED NEW COUNT 11 ARE FUTILE

Although Lannett did not support its motion for leave to file a Second Amended Complaint with a memorandum, Lannett's motion recites the principle that leave to amend pleadings under Fed. R. Civ. P. 15(a)(2) is liberally granted. (See D.I. 77 at 2.) The liberal policy towards granting leave, however, has its limits. Of significance to the instant motion is the limitation imposed when an amendment would be futile. In particular, leave to amend should be denied if the proposed amendment would not withstand a motion to dismiss. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Such is the case here with respect to Counts 1-5 and 11 of Lannett's Proposed Second Amended Complaint.

6

### A. The Court Should Deny Lannett's Motion for Leave to File Counts 1-3 of the Second Amended Complaint Seeking Declaratory Judgment Because There was No Case or Controversy at the Time Suit was Filed

As set forth in KV's papers in support of its pending motion to dismiss (D.I. 60 at 6-10 and D.I. 75 at 1-4), at the time Lannett instituted this action, KV had not taken any action against Lannett and had not given Lannett any indication that it might do so. Indeed, prior to the receipt of Lannett's letter and the filing of the Complaint, KV had no indication or notice that Lannett was planning to introduce a knock-off of KV's PrimaCare ONE multivitamin, and certainly had not ever threatened (or even communicated with) Lannett about this product or the patents at issue.

A patent infringer may not manufacture a "case or controversy" by sua sponte demanding that a patent owner agree to forego enforcement of its patent rights and then filing suit when the patent owner does not immediately respond. Otherwise, every potential infringer could at its pleasure file suit against any patent owner at any time by the artifice of sending a letter like the one sent by Lannett, even when (as here) the patent owner had no knowledge of the infringer's activities and had taken no steps (and made no threats) to enforce its patent rights. In the absence of an affirmative act by KV with regard to assertion of its patent rights at the time the suit was filed, Lannett cannot establish jurisdiction. Prasco, LLC v. Medicis Pharmaceutical Corp., No. 2007-1524, 2008 U.S. App. LEXIS 17329, at *18 (Fed. Cir. August 15, 2008).

The fact that KV counterclaimed for infringement of three KV patents, namely the '846 and '666 patents as well as U.S. Patent 7,112,609,[1] after Lannett filed its Complaint does not support jurisdiction over Lannett's Second Amended Complaint. See, e.g., Keene Corp. v.

---

[1] Lannett's Second Amended Complaint also seeks a Declaratory Judgment with respect to U.S. Patent 6,197,329 and U.S. Patent 6,569,857. KV has not asserted either of these patents in its Counterclaim.

7

United States, 508 U.S. 200, 113 S. Ct. 2035, 2040 (1993); Innovative Therapies, Inc. v. Kinetic Concepts, Inc., Civ. No. 07-589-SLR-LPS, 2008 U.S. Dist. LEXIS 53290, at *25 (D. Del. July 14, 2008) ("It is well-settled that the burden is on the declaratory judgment plaintiff to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since. [L]ater events may not create jurisdiction where none existed at the time of filing of the complaint." (internal quotations and citations omitted)).

Accordingly, for the reasons set forth in the papers in support of KV's pending motion to dismiss and above, Lannett's motion for leave to file counts 1-3 of the Second Amended Complaint should be denied.

### B. Lannett's Proposed Amendment to its Inequitable Conduct Claim in Count 3 to Include the '846 and '666 Patents is Futile

In its proposed Second Amended Complaint, Lannett alleges that KV committed inequitable conduct during prosecution of the '846 and '666 patents. Lannett's allegation with respect to these patents is legally insufficient. Indeed, KV merely alleges that KV "knew or should have known of the existence of the '539 Application, but did not disclose [the same] to the USPTO" during the prosecution of the '846 and '666 patents. (D.I. 77-3 ¶ 50.) However, Lannett provides no basis for this allegation other than its claim that the alleged prior art reference was "easily identifiable and locatable." (See id. ¶ 48.)

The defense of inequitable conduct is analogous to a claim of fraud, see Burlington Indus., Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1998), and therefore is subject to the heightened pleading standard applied to claims of fraud pursuant to Fed. R. Civ. P. 9(b). Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003); EMC Corp. v. Storage Tech. Corp., 921 F. Supp. 1261, 1263 (D. Del. 1996).

8

Because inequitable conduct must be pled with particularity, and because Lannett does not and cannot allege that KV had actual knowledge of the cited reference at the time the '846 and '666 patents were being prosecuted, Lannett's proposed amendment to its Amended Complaint with respect to inequitable conduct is legally insufficient.

Lannett's proposed amendments to its inequitable conduct claim do not meet the Rule 9(b) pleading requirements, and would therefore be subject to a successful motion to dismiss by KV. Accordingly, the Court should deny Lannett's leave to amend as futile. See Massarsky, 706 F.2d at 125; D.I. 80 at 8-9.

### C.   The Proposed Amendment to the Antitrust Claim in Count 4 of Lannett's Amended Complaint is Futile

KV moved to dismiss the antitrust claims in Lannett's Amended Complaint for failing to define a relevant product market and deficiently pleading a Walker Process (or any other) antitrust claim (See D.I. 60 at 12-15.) As explained in the papers in support of KV's motion to dismiss, Lannett did not properly define the relevant market with reference to comparable products or other factors pertaining to cross-elasticity of demand. (See id.; D.I. 75 at 5-6.) Further, Lannett did not allege that KV attempted to enforce its patents prior to the filing of Lannett's Amended Complaint and did not properly allege antitrust damages. (See id.)

The proposed amendments to Count 4 of the Amended Complaint do not remedy any of these flaws. (See D.I. 77-3 ¶¶ 57-69.) Indeed, Lannett's Second Amended Complaint still fails to (i) properly define the market; (ii) allege that KV attempted to enforce its patents prior to the filing of Lannett's Complaint; and (iii) properly allege antitrust damages. Thus, even amended, Count 4 would still fail to state an antitrust claim. For this reason, Lannett's motion for leave to amend Count 4 should be denied as futile. See Massarsky, 706 F.2d at 125.

### D. Lannett's Proposed Addition of New Antitrust Claim in Count 11 is Futile

In Count 11 of its proposed Second Amended Complaint, Lannett alleges that KV monopolized the market by interfering with Lannett's relationship with a supplier of an iron supplement that could be used in Lannett's multivitamin product. (See D.I. 77-3 ¶¶ 125-33.)

In order to state a claim for attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, Lannett must allege (i) that KV has engaged in predatory or anticompetitive conduct, (ii) specific intent to monopolize the relevant market, and (iii) a dangerous probability of achieving monopoly power. Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 456 (1993). However, Count 11 of Lannett's proposed Second Amended Complaint fails to adequately allege facts to establish any of the three required elements of an antitrust violation.

A plaintiff claiming a § 2 Sherman Act violation must establish that the anticompetitive conduct had an adverse effect on competition as a whole in the relevant market. Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 224-25(1993); Spanish Broadcasting System of Florida, Inc., v. Clear Channel Commc'ns, Inc., 376 F.3d 1065, 1075-76 (11th Cir. 2004); Conwood Co. v. U.S. Tobacco Co. 290 F.3d 768, 783-84 (6th Cir. 2002). To prove that it has been harmed as an individual competitor will not suffice. Id. Lannett's claims that KV interfered with Lannett's relationship with a supplier, even if true, would not give rise to a Sherman Act claim. Accordingly, the Second Amended Complaint does not state a claim upon which relief can be granted and would not survive a motion to dismiss.

Further, Lannett's Second Amended Complaint fails to plead that it could not have obtained iron from other suppliers. Finally, Lannett defines the relevant market in the same manner as it does in Count 4. As set forth in KV's pending motion to dismiss, and summarized

10

above, this definition is improper because it fails to reference comparable products or other factors pertaining to cross-elasticity of demand. (See D.I. 60 at 12-15; D.I. 75 at 5-6.)

Accordingly, the Court should deny Lannett's motion for leave to amend to add Count 11 as futile. See Massarsky, 706 F.2d at 125.

### E. Lannett's Proposed Amendment to Its Deceptive Trade Practices Act Claim in Count 5 of Lannett's Second Amended Complaint is Futile

Lannett's Amended Complaint alleges that KV violated Delaware's Deceptive Trade Practices Act, 6 Del. C. § 2532, by advertising that its PrimaCare ONE product is covered by an allegedly invalid and unenforceable patent. KV moved to dismiss this claim on the grounds that it is preempted by federal law because the claim is predicated on nothing more than KV's application for and subsequent procurement of that patent and that Lannett will not be able to prove any injury, economic or otherwise. (D.I. 60 at 15-16.)

In Count Five of its proposed Second Amended Complaint, Lannett asserts that KV's alleged promotion of its PrimaCare ONE product marked with expired U.S. Patents 4,822,816 ("the '816 patent") and 5,070,085 ("the '085 patent"), as well as the non-expired '846 and '666 patents, violates the Deceptive Trade Practices Act. (See D.I. 77-3 ¶¶ 70-80.) These amendments would be futile.

With respect to the '846 and '666 patents, Lannett's Second Amended Complaint seeks to add allegations that KV knew or should have known that these patents were invalid and unenforceable. (Id. ¶ 74.) However, as set forth above and in its papers in support of its motion to dismiss (see D.I. 60 at 15-16), even if Lannett could prove such allegations were true, Lannett's proposed amendment would be futile because federal law preempts a state-law claim for unfair competition that, for all intents and purposes, is predicated on nothing more than KV's application for and subsequent procurement of the '846 and '666 patents. In re Netflix Antitrust

11

Litig., 506 F. Supp. 2d 308, 319-20 (N.D. Cal. 2007) (citing <u>Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.</u>, 204 F.3d 1368, 1382 (Fed. Cir. 2000)).

Further, as set forth in KV's papers in support of its motion to dismiss (<u>see</u> D.I. 60 at 15-16 and D.I. 75 at 8), there is no dispute that KV advertises that PrimaCare ONE is covered by the '666 patent. Accordingly, Lannett cannot allege legitimately that it suffered an economic injury separate and apart from that which it may have otherwise suffered as a result of legitimate advertising by KV that PrimaCare ONE is patent protected. Notably, Lannett effectively conceded infringement of that patent in connection with KV's motion for interim relief.

Further still, and as set forth in KV's previously submitted papers (<u>see</u> D.I. 60 at 15-16), Lannett's claim that KV's advertising of PrimaCare ONE as being covered by one or more of KV's patents "unfairly interferes with Lannett's ability to compete with [KV] on the merits of [its] products" is belied by the fact that Lannett launched and distributed substantial commercial quantities of its product that found its way to distributors and retailers. <u>See</u> Declaration of Kevin R. Smith in Opposition to Motion for Preliminary Injunction and Temporary Restraining Order Decl. (D.I. 25) ¶¶ 14, 19.

Accordingly, Lannett's proposed amendment to add KV's purported listing of the '816 and '085 patents on its products, as well as the '846 and '666 patents, as violative of Delaware's Deceptive Trade Practices Act is futile.

## CONCLUSION

For the reasons stated above and in its papers in support of its motion to dismiss (D.I. 60 and 75), KV respectfully requests that the Court deny Lannett's motion for leave to file its Second Amended Complaint with respect to the Counts 1, 2, 3, 4, 5, and 11.

Dated:  September 2, 2008

          /s/ Chad M. Shandler
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street, P.O. Box 551
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com

*Attorneys for Defendants/Counterclaim-Plaintiffs KV Pharmaceutical Company, Ther-Rx Corp., and Drugtech Corp.*

*Of counsel:*

Richard L. DeLucia
Charles A. Weiss
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY  10004
(212) 425-7200

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Sophia Siddiqui
Fox Rothschild LLP
919 Market Street, Suite 1300
P. O. Box 2323
Wilmington, DE  19899-2323

I hereby certify that on September 2, 2008, I sent by electronic mail the foregoing document to the following non-registered participants:

Ross J. Oehler
Alfred J. Monte
Fox Rothschild LLP
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA  19422

/s/ Laura D. Hatcher
Laura D. Hatcher (#5098)
hatcher@rlf.com