## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LANNETT COMPANY INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 08-338-JJF |
| | ) | |
| KV PHARMACEUTICAL, | ) | |
| DRUGTECH CORPORATION, AND | ) | |
| THER-RX CORPORATION, | ) | |
| | ) | |
| *Defendants.* | ) | |
| ——————————————— | ) | |
| | ) | |
| | ) | |
| KV PHARMACEUTICAL COMPANY, | ) | |
| THER-RX CORPORATION, AND | ) | |
| DRUGTECH CORP., | ) | |
| | ) | |
| *Counterclaim-Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LANNETT COMPANY, INC. | ) | |
| | ) | |
| *Counterclaim- Defendant.* | ) | |
| ——————————————— | ) | |

Sophia Siddiqui, Esquire, of FOX ROTHSCHILD LLP, Attorneys for Plaintiff, Counterclaim-Defendant Lannett Company, Inc.

Frederick L. Cottrell, III, Esquire; Chad M. Shandler, Esquire; and Anne Shea Gaza, Esquire; of RICHARDS LAYTON & FINGER, P.A., Attorneys for Defendants, Counterclaim-Plaintiffs KV Pharmaceutical Company, Ther-RX Corporation and Drugtech Corporation.

## DECISION ON KV DEFENDANTS' MOTION TO STRIKE LANNETT COMPANY INC.'S AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT CONCERNING THE '846 AND THE '666 PATENTS

Collins J. Seitz, Jr., Special Master

On September 8, 2008 the District Court referred to me for decision Defendants/Counterclaim-Plaintiffs KV Pharmaceutical, Ther-RX Corp., and Drugtech Corporation's (collectively "KV") Rule 12(f) and Rule 9(b) motion to strike Plaintiff/Counterclaim Defendant Lannett Company Inc.'s ("Lannett") affirmative defense of inequitable conduct with respect to U.S. Patents 6,258,846 ("'846 patent") and 6,576,666 ("'666 patent"). For the reasons stated herein, KV's motion to strike the affirmative defense of inequitable conduct directed to the '846 and '666 patents is granted.

## I.    BACKGROUND

This action involves patents relating to multivitamins and mineral supplements containing omega-3 fatty acids. The supplements are prescribed to women "throughout pregnancy, during the postnatal period for both lactating and non-lactating mothers, and throughout the childbearing years." AC ¶ 11.[1]

---

[1]    Lannett's Amended Complaint (D.I. 4) is cited as AC ¶ __. Lannett's proposed Second Amended Complaint (D.I. 77) is cited as PAC2 ¶ __.

2

### A.    Lannett's Amended Complaint

On June 10, 2008, Lannett filed an Amended Complaint against KV and two of its subsidiaries. Count One seeks a declaratory judgment of non-infringement directed to United States Patent Nos. 6,258,846, 6,576,666, 7,112,609, 6,197,329, and 6,569,857 (collectively, the "KV Patents") and United States Patent Nos. 5,516,925 and 6,716,814 (collectively, "KV Licensed Patents"). AC ¶¶ 5-6, 17-32.[2]   Count Two seeks a declaratory judgment of invalidity directed to the KV Patents, and Count Three asserts inequitable conduct directed to the '609 Patent. Counts Four and Five claim antitrust violations and violations of the Delaware Deceptive Trade Practices Act. AC ¶¶ 57-72.

Turning to Count Three and the defense of inequitable conduct relating to the '609 patent, Lannett alleges that during prosecution of the '609 patent, KV was on notice of, but did not disclose, material prior art to the USPTO. More specifically, Lannett alleges that after publication of the continuation application for the '609 patent,[3] on or about July 12, 2005, Gary J. Connell, Esquire, representing an undisclosed third party, filed with the USPTO a third party submission under 37 C.F.R. § 1.99. AC ¶¶ 37-38.

---

[2]      The KV Patents were assigned to Drugtech Corporation, a KV subsidiary. The KV Licensed Patents were licensed to KV or its subsidiaries by their owner, Albion International, Inc.

[3]      U.S. Application Serial No. 11/021,344 ("the Continuation Application").

3

According to Lannett, the third party submission put KV on notice of European Patent Application EP 0 705 539 A2 ("the '539 European Application"), published on April 10, 1996. *See* AC ¶¶ 38-39.

Lannett claims that the '539 European Application was material to the patentability of the '609 patent, and that "the KV Defendants knew or should have known that the '539 Application was prior art to the '609 patent about fourteen (14) months prior to the issuance of the '609 patent." AC ¶ 42. According to Lannett, if the '539 European Application had been disclosed to the USPTO, the '609 patent would not have issued.  AC ¶ 38.   The Amended Complaint does not allege inequitable conduct directed to the prosecution of any other KV Patents or KV Licensed Patents. *See* AC ¶¶ 33-55.

**B.    KV's Counterclaims And Lannett's Affirmative Defenses To The Counterclaims**

On June 16, 2008, KV filed a counterclaim, and on July 7, 2008, Lannett filed its answer and affirmative defenses to KV's counterclaim. D.I. 55. In Lannett's second affirmative defense to KV's counterclaim, Lannett states that KV's claims "are barred and/or limited for the reasons set forth in Lannett's Amended Complaint, which is incorporated by reference as if set forth fully herein . . . " D.I. 55, at p. 11. In its fourth affirmative defense, Lannett alleges gen erally that the Ther-Rx Patents (defined as the '846

4

patent, the '666 patent, and the '609 patent) are "invalid and/or unenforceable based on the inequitable conduct of Ther-Rx." D.I. 55, at p. 11. Other than the general statement of inequitable conduct in its affirmative defense, no other Lannett pleading contains any inequitable conduct allegations directed to the prosecution of the '846 and the '666 patents.

## II. DISPOSITION OF KV'S MOTION TO STRIKE THE FOURTH AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT AS IT RELATES TO THE '846 AND '666 PATENTS

### A. Motion To Strike Standard

Rule 12(f) provides that "upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A motion to strike under Rule 12(f) eliminates insufficient defenses and saves the time and expense of litigating issues that ultimately would not affect the outcome of the case. In deciding KV's Rule 12(f) motion, all of Lannett's well-pleaded allegations must be accepted as true. *Symbol Technologies Inc. v. Proxim, Inc.*, No. Civ.A.01-801-SLR, 2002 WL 1459476, at *1 (D. Del. June 25, 2002); *see also Mars Inc. v. JCM American Corp.*, No. 05-3165 (RBK), 2006 WL 1704469, at *3-4 (D.N.J. June 14, 2006) (applying Rule 12(b)(6) standards to a motion to strike an inequitable conduct claim).

**B.     Inequitable Conduct Must Be Pled With Particularity**

Inequitable conduct "is a claim sounding in fraud." *Venentec International Inc. v. Nexus Medical, LLC*, 541 F. Supp.2d 612, 618 (D. Del. 2008). Because inequitable conduct is a species of fraud, an inequitable conduct defense is subject to the pleading particularity requirement. *Ferguson Beauregard Logic Controls v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003); *Venentec International Inc.*, 541 F. Supp.2d at 618; *see also Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp.2d 484, 487-88 (D. Del. 2003); *EMC Corporation v. Storage Technology Corp.*, 921 F. Supp. 1261, 1262-63 (D. Del. 1996).

The pleading specificity requirement exists "to place the [parties] on notice of the precise misconduct with which they are charged, and to safeguard . . . against spurious charges of immoral and fraudulent behavior." *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, C.A. No 99-C-CV-274-SLR, 2000 WL 1481015, at *2 (D. Del. Sept. 29, 2000). Requiring claims of inequitable conduct to be pled with particularity also "provide[s] litigants with notice of the claims against them and an increased measure of protection for their reputations." *Mars Inc.*, 2006 WL 1704469, at *5. The heightened pleading requirements of Rule 9(b) are also "meant to 'deter the filing of charges of fraud as a pretext for discovery of

unknown wrongs.'" *Stowe Woodward L.L.C. v. Sensor Products, Inc.*, 230 F.R.D. 463, 466 (W.D. Va. 2005).

Even though inequitable conduct claims must be pled with particularity, "courts still must apply Rule 9(b) with some flexibility so that a party is not required to plead issues which may have been concealed by an adverse party." *Mars Inc.,* 2006 WL 1704469, at *5 (citing *Rolo City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1984)). Where inequitable conduct allegations are at issue, the particularity requirement does not require that the party plead the date, time, or place of the alleged fraud, so long as that party uses an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Martek Biosciences Corp. v. Nutrinova Inc.*, No. Civ. A. 03-896 (GMS), 2004 WL 2297870, at *3 (D. Del. Oct. 8, 2004). Generally, pleadings that disclose the allegedly withheld prior art and the acts of the alleged fraud fulfill the requirements of Rule 9(b). *Venentec International, Inc.*, 541 F.Supp.2d at 618 (quoting *France Telecom S.A. v. Novell, Inc.*, 2002 WL 31355255, at *1 (D. Del. Oct. 17, 2002)); *see also Mckesson Information Solutions LLC v. Trizetto Group, Inc.*, No. Civ. 04-1258-SLR, 2005 WL 914776, at *3 (D. Del. Apr. 20, 2005); *EMC Corp.,* 921 F. Supp. at 1263.

**C.** **Lannett Does Not Plead Inequitable Conduct With Particularity For The '846 And The '666 Patents**

Lannett argues that because its affirmative defense incorporates allegations from the Amended Complaint, Lannett has sufficiently alleged inequitable conduct. D.I. 73, at p.4 n.5. The Amended Complaint, however, does not satisfy the particularity requirement for the '846 and the '666 patents. The Amended Complaint alleges only that the '609 patent is unenforceable because of KV's failure to disclose a known allegedly material prior art reference. It does not connect the alleged inequitable conduct to either the '846 or the '666 patents. *See* D.I. 4, AC ¶¶ 34-55. Inequitable conduct cannot be imputed to the earlier prosecuted '846 and '666 patents based upon alleged conduct relating to later prosecuted patents. *See Pharmacia Corp. v. PAR Pharmaceutical Corp.*, 417 F.3d 1369, 1375 (Fed. Cir. 2005) (holding that inequitable conduct only applies to claims in one patent and cannot be imputed to other previously issued patents).

Turning to Lannett's fourth affirmative defense, Lannett only pleads that KV's patents are "invalid and/or unenforceable based on the inequitable conduct of Ther-Rx." D.I. 55, at p. 11. This bare allegation of inequitable conduct fails to satisfy the Rule 9(b) heightened pleading standard because it does not set forth the alleged material prior art allegedly withheld from the USPTO for the '846 and the '666 patents, and does not disclose the alleged

8

acts of fraud with particularity. *See Ferguson Beauregard Logic Controls*, 350 F.3d at 1344; *EMC Corp.,* 921 F. Supp. at 1263.

Lannett claims that because "evidence regarding KV's knowledge and intent is in the exclusive possession of KV" it should be afforded the opportunity for discovery before striking its affirmative defense of equitable conduct for the two patents. D.I. 73, at p. 8. This argument misses the mark. While mindful that the requirements of Rule 9(b) should not be used to allow fraud to be concealed, the particularity requirement would be meaningless if Lannett's bare bones inequitable conduct claims stand as pled. Lannett has not alleged in the Amended Complaint that KV knew of the '539 European Application relative to the '846 and the '666 patents. Without the requisite particularity directed to the '846 and '666 patents, the affirmative defenses are therefore stricken as they relate to these patents.

**D.    Lannett's Request For Leave To File An Amended Pleading**

In its answering brief, Lannett argues that "[t]o the extent that the Court determines that Lannett's affirmative defense does not adequately plead inequitable conduct within the specificity requirements of the Federal Rules of Civil Procedure Rule 9(b), Lannett respectfully requests that it be granted leave to file an amended pleading." D.I. 73, at p. 9. On August 14, 2008, Lannett filed a motion for leave to file a Second Amended Complaint,

which essentially adds a paragraph linking the prior art reference to the prosecution of the '846 and '666 patents. PAC2 ¶¶ 30-56. KV opposes this request to amend the pleadings, claiming that any amendment would be futile because Lannett cannot allege that KV knew of the prior art reference or intentionally withheld the reference from the USPTO. D.I. 80, at p. 8; *see also* D.I. 91 at pp. 8-9.[4]

Lannett's proposed amendment states that: (1) the '539 European Application was material prior art at the time the '846 and the '666 patents were issued (PAC2 ¶¶ 47-49); (2) during the prosecution of the '846 and the '666 patents, KV submitted "Information Disclosure Statements that did not include the" '539 European Application (*id.* at ¶ 50); and (3) KV "knew or should have known of the existence of the '539 [European] Application, but did not disclose to the USPTO the reference of same as a prior art reference" (*id.*); and (4) the '846 and the '666 patents are unenforceable due to inequitable conduct. *Id.* at ¶ 55. While these new allegations state the prior art relied upon to form an inequitable conduct allegation, there are no specific facts that establish actual knowledge by KV of the '539 European Application at the time of the prosecution of the '846 and the '666 patents.

---

[4] While leave to amend is normally freely granted, leave to amend may be denied when the proposed amendment is futile. Amendment is futile when the Amended Complaint would not survive a motion to dismiss for failure to state a claim. *Alvin v. Suzuki*, 227 F. 3d. 107, 121 (3d Cir. 2000).

An applicant for a patent has no duty to conduct a prior art search, and therefore has no obligation to disclose any art which "he 'reasonably should be aware.'" *Nordberg Inc. v. Telesmith, Inc.*, 82 F.3d 394, 397 (Fed. Cir. 1996); *Frazier v. Roessell Cine Photo Tech Inc.*, 417 F.3d 1230, 1238 (Fed. Cir. 2005) ("this court has repeatedly reaffirmed the proposition that '[a]s a general rule, there is no duty to conduct a prior art search, and thus there is no duty to disclose art of which an applicant could have been aware'"). Consequently, an applicant for a patent must have actual knowledge of the prior art to state an inequitable conduct defense. *Nordberg*, 82 F.3d at 396-97; *see also Quickie Mfg. Co. v. Libman*, No. 04-2229, 2008 WL 630633, at *2 (C.D. Ill. Mar. 5, 2008) (citing *Nordburg* and holding "[a]ctual knowledge of the prior art must be proved").[5]

The only material allegation in the Second Amended Complaint concerning inequitable conduct in the prosecution of the '846 and the '666 patents is that KV "knew or should have known" of the '539 European Application and failed to disclose it to the USPTO. PAC2 ¶ 50. Beyond this bald conclusion, there are no "specifics concerning . . . [KV's] inequitable conduct." *Martek Biosciences Corp.*, 2004 WL 2297870, at *2. Because

---

[5]     It is unclear whether intent to deceive the USPTO must be pled to satisfy the heightened pleading standards for inequitable conduct. *See Mars Inc.*, 2006 WL 1704469, at *6-9 (discussing District of Delaware cases and discussing the necessity of pleading intent). However, before a party could have an intent to deceive, it would have to have actual knowledge of material prior art at the time of prosecution.

11

there is no duty to disclose prior art of which a party should reasonably be aware (*Nordberg*, 82 F.3d at 396-97), and because Lannett as of yet has no basis to allege that KV's representatives had knowledge of the '539 European Application during prosecution of the '846 and the '666 patents, the proposed amendment as of now would be futile.

For these reasons, Lannett's request to file a second amended complaint, insofar as it seeks to add new claims of inequitable conduct with respect to the '846 and the '666 patents in Count Three, is denied without prejudice.[6]

Dated: October 3, 2008                  _____
                                         Special Master

---

[6]    Lannett argues that matters of KV's knowledge and intent are within KV's exclusive possession. If discovery reveals that KV had actual knowledge of the '539 European Application before the '846 and the '666 patents were issued, and the other prerequisites for pleading inequitable conduct are met, Lannett should be afforded an opportunity to amend its pleadings to assert inequitable conduct relating to the '846 and the '666 patents. *See Biovail Labs, Int'l SRL v. Andrx Pharmaceuticals, LLC*, C.A. No. 05-586 (GMS), 2007 WL 3231684, at *1 (D. Del. May 4, 2007) (granting leave to amend to assert inequitable conduct claims); *CIF Licensing, LLC v. Agere Systems, Inc.*, C.A. No. 07-170-JJF, 2008 WL 2019492, at *1 (D. Del. May 9, 2008) (allowing amendment to add an affirmative defense of inequitable conduct).